John S. Desiderio, Esq. (JSD4835)
Attorney for Creditor John Desiderio, Sr.
50 Gerard Street, Suite 100A
Huntington, New York  11743
(718) 757-9477

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK                                            Chapter 7
-----------------------------------------------------------------------------X
In re:
                                                                        Case No. 13-45106-CEC

VIKI DEVANI,

                                        Debtor.
-----------------------------------------------------------------------------X

# MEMORANDUM OF LAW
# IN SUPPORT OF CREDITOR DESIDERIO'S MOTION TO DISMISS
# DEBTOR'S CHAPTER 7 CASE FOR BAD FAITH AND FOR IMPOSITION
# OF SANCTIONS

JOHN S. DESIDERIO (JSD 4835)
Attorney for Creditor John Desiderio, Sr.
50 Gerard Street, Suite 100A
Huntington, New York  11743
(718) 757-9477

# TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………………………………….3

ARGUMENT………………………………………………………………………………..3

    DISMISSAL OF PETITION IS WARRANTED AS BAD FAITH FILING…………3

    IMPOSITION OF SANCTIONS IS WARRANTED…………………………………8

        SANCTIONS PURSUANT TO SECTION 105(A)…………………………...8

        SANCTIONS PURSUANT TO 28 U.S.C. §1927…………………………....10

        SANCTIONS PURSUANT TO RULE 9011…………..……………………..11

        SECTIONS 707(B)(4)(C) & (D) OF THE BANKRUPTCY CODE…………12

    SANCTIONS AGAINST THE DEBTOR…………………………………………....14

    SANCTIONS AGAINST SOBERS AND SOBERS LAW…………………………..15

CONCLUSION……………………………………………………………………………18

## PRELIMINARY STATEMENT

This is a case of a Debtor and his counsel filing a wholly deficient petition for relief under the Bankruptcy Code in bad faith, and for the improper purpose of hindering, impairing, and impeding a single creditor in his just and proper judgment enforcement and collection efforts – and to cause that creditor to incur the entirely unnecessary expense of challenging that bad faith filing. The Debtor with the assistance of his counsel has used the bankruptcy process as a sword instead of shield. The dismissal of the Debtor's case pursuant to Section 707(a) of the Bankruptcy Code, and the imposition of sanctions against Debtor and his counsel under various provisions of the law is just, proper, and warranted.

## ARGUMENT

### DISMISSAL OF PETITION IS WARRANTED AS BAD FAITH FILING

Under section 707(a) of the Bankruptcy Code, the court may dismiss a case under Chapter 7, "after notice and a hearing only for cause . . . ." 11 U.S.C. § 707(a). Although § 707(a) does not list bad faith as an enumerated cause for dismissal, courts have been divided over whether bad faith can be a basis for dismissal for cause.

While the Second Circuit has yet to rule on the issue of whether bad faith constitutes cause for dismissal under § 707(a), courts in this Circuit have followed *In re Zick* [In re Zick, 931 F.2d 1124, 1127 (6th Cir. 1991)] in dismissing cases where there is an absence of good faith. [In re Parikh, 456 B.R. 4 (Bankr. E.D.N.Y. 2011); In re Aiello, 428 B.R. 296 (Bankr. E.D.N.Y. 2010); In re Lombardo, 370 B.R. 506 (E.D.N.Y. 2007); In re O'Brien, 328 B.R. 669 (Bankr. W.D.N.Y. 2005)].

As the court in O'Brien noted, bankruptcy protection is a privilege and not a right, and "Chapter 7 is for the honest but unfortunate debtor who is seeking a fresh start, not a head start." [O'Brien, at 674].

The relevant factors considered by courts when deciding whether or not to dismiss a case for bad faith are:

(1) the debtor's manipulations having the effect of frustrating one particular creditor;

(2) the absence of an attempt to pay creditors;

(3) the debtor's failure to make significant lifestyle changes;

(4) the debtor has sufficient resources to pay a substantial portion of his debts;

(5) the debtor inflates expenses to disguise financial well-being;

(6) the debtor is overutilizing protections of the Bankruptcy Code to the conscious detriment of creditors;

(7) the debtor reduced his creditors to a single creditor in the months prior to the filing of his petition;

(8) the debtor filed in response to a judgment, pending litigation or collection action; there is an intent to avoid a large single debt;

(9) the unfairness of the use of Chapter 7;

(10) the debtor transferred assets;

(11) the debtor is paying debts to insiders;

(12) the debtor failed to make candid and full disclosure;

(13) the debts are modest in relation to assets and income; and

(14) there are multiple bankruptcy filings or other procedural "gymnastics."

[In re Lombardo, at 512].

A movant need not prove each and every factor listed above in order to prove that a case should be dismissed "for cause" but a combination of several factors is sufficient. [*Id.*; *See also*, In re Parikh, at 21].

In the instant case, factors 1, 2, 5, 8, 10, 11, 12 & 14 are present.

First, as to factors 1 & 8, Debtor filed his case in order to frustrate one particular creditor, Creditor herein. Creditor entered his Judgment against Debtor in March 2013. Contemporaneously with the entry of the Judgment, Debtor obtained a stay of enforcement of the Judgment, and moved the State Court to vacate the Judgment, and to provide him additional time to make a past due payment owed to Creditor, based solely upon his alleged inability to pay because of his former partner's depletion of $40,000.00 from the Debtor's business bank account. Debtor eventually appeared in the State Court with the $12,400.00 due to Creditor, and the court ordered that it be held in escrow pending its determination of Debtor's motion. By its order, dated July 30, 2013, the State Court denied Debtor's motion and vacated the stay of enforcement of the Judgment. Promptly thereafter Creditor began enforcement of the Judgment, serving subpoenas upon the Debtor and demanding that his attorney turnover of the $12,400.00 being held by him in escrow. Debtor's counsel refused to turnover the funds being held in escrow, and Debtor failed to comply with the subpoenas. Instead, three weeks after the denial of his motion in State Court, Debtor filed his emergency petition with this Court. In addition to the foregoing, Creditor's Judgment, amounted to $135,727.34 at the time of the Debtor's filing. Debtor disclosed five other debts totaling $13,943.00 in his petition, incurred between 2004 and 2010, $10,000.00 of which has been reaffirmed by the Debtor. Accordingly, Debtor's debt to Creditor constitutes more than 97% of the total debts of the Debtor as disclosed in his filings. These other relatively small debts, incurred years before the Debtor's filing, were not the reason Debtor filed

an emergency petition – it was Creditor's entry of the Judgment, Creditor's enforcement efforts, and Debtor's and Debtor's counsel's plan to frustrate Creditor.

Second, as to factor 2, Debtor has not made a single payment on the Judgment since its entry in March 2013. Rather, Debtor has thwarted Creditor's efforts to recover the $12,400.00 being held in escrow at the direction of the State Court, which would have gone to partially satisfying the Judgment, by refusing to direct his attorney to turnover those funds and by filing his petition – utilizing the automatic stay to frustrate Creditor's efforts to secure those funds.

Third, as to factor 10, the very basis for Creditor's Judgment is multiple, intentional fraudulent conveyances, effected by the Debtor to assist his father in defrauding Creditor. While Debtor has not, as may presently be determined,[1] transferred his own assets, his active participation in the fraudulent conveyances of his father's property to defraud Creditor certainly establishes this factor.

Fourth, as to factor 11, as Debtor admitted in his 341 testimony, and confirmed by his own attorney's affirmation in the State Court Action, Debtor owed debts to insiders which he failed to disclose in his petition – even after his failure to disclose was addressed at that meeting. Debtor is clearly favoring insiders in that he has intentionally refused to include the debts he owes to his insiders in his filings, while seeking the discharge of his other debts.

Fifth, as to factor 12, Debtor failed to make a candid and full disclosure in his knowing omissions and misstatements in his filings, his false testimony at his 341 meeting, and in his failure to keep, maintain and produce the vast majority of documents and records of his financial condition and business transactions. Debtor failed to disclose his ownership in, and officership

---

[1] As detailed further below, Debtor has failed to keep, maintain and produce the vast majority of documents and records of his financial condition and business transactions which would allow for an independent determination and verification of same.

6

of, several businesses, debts he owed to insiders, and potential claims for breach of fiduciary duty and misappropriation against his former business partner. Debtor provided false testimony at his 341 meeting, testifying that he did not own various businesses which he clearly did own – and which he even admitted to owning in an affidavit filed with this Court the day before his 341 meeting. Debtor failed to comply with the 2004 subpoena of Creditor, failing to provide the vast majority of documents pertaining to his businesses, his bank accounts, and his income and expenses. Debtor, other than a clearly self-serving affidavit, has produced absolutely no documentation from which an independent verification of his alleged $1,000.00 a month income could be verified – despite the fact that this income comes from a business of which the Debtor is an admitted owner. And, Debtor's petition, schedules and statements are replete with misstatements and omissions. The Debtor has without question exhibited a reckless disregard for the veracity of the information contained in his petition, schedules and statements such that this Court can only conclude that the omissions and misstatements contained in the Debtor's filings and in his section 341 meeting testimony was material, knowing and done with fraudulent intent.

Finally, as to factor 14, while this is Debtor's first bankruptcy filing, as admitted by the Debtor himself (by disclosing it in his filings), this case is directly related to the Chapter 7 case filed by the Debtor's father. The Debtor's father's Chapter 7 case was dismissed by this Court as a bad faith filing, based primarily upon Creditor's discovery of the intentional fraudulent conveyances effected by Debtor with his father. In addition, there have been two other filings by the Debtor's father's co-debtor, both of which have been successfully challenged by Creditor.

As for the other factors, Creditor is unable to address them only because of Debtor's failure to make a candid and full disclosure in this case.

The Debtor is not an unfortunate and honest debtor entitled to a fresh start. Quite the contrary. The Debtor assisted his father in defrauding Creditor, failed in avoiding a judgment entered against him based upon that fraud, and then filed for bankruptcy protection to hinder, impair, impede and frustrate Creditor in his efforts to recover the funds conveyed through that fraud from the Debtor – a filing that is wholly deficient.

Debtor's case must be dismissed and he must be prohibited from making future applications for relief under the Bankruptcy Code for a period of at least three years.

**IMPOSITION OF SANCTIONS IS WARRANTED**

"…[A] filing made for an improper purpose, such as to harass a creditor, does require sanctions." [In re Collins, 250 B.R. 645, 656 (Bankr. N.D. Ill 2000)].

Just as the court found in In re Collins, the facts of this case support the findings that: (a) Debtor's Chapter 7 case was filed in bad faith, and for an improper purpose, pursuant to the provisions of Bankruptcy Rule 9011, (b) the Debtor, Sobers and Sobers Law all attempted to manipulate the bankruptcy process to thwart Creditor, in violation of Section 105(a) of the Bankruptcy Code, (c) Sobers and Sobers Law unreasonably and vexatiously multiplied the proceedings in this matter, and (d) Sobers and Sobers Law certified Debtor's Petition, Schedules and Statements without conducting a reasonable inquiry under the circumstances as to the completeness and accuracy of the information contained therein in violation of their duties under Sections 707(b)(4)(C) & (D) of the Bankruptcy Code, all warranting the imposition of sanctions against them and in favor of Creditor.

**Sanctions Pursuant to Section 105(a)**

"A Court has inherent authority to supervise and control its own proceedings, and to require the payment of the other party's attorney's fees by one who has 'acted in bad faith,

vexatiously, wantonly, or for oppressive reasons." In re Spectee Group, Inc. 185 B.R. 146, 155 (Bankr. S.D.N.Y. 1995) (citing Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986).

"The inherent power to sanction 'stems from the very nature of courts and their need to be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" [*Id.* (citing United States v. International Bd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991)]. "It is not limited to bad faith filings; the Court can award sanctions either for commencing or for continuing an action in bad faith, vexatiously, wantonly, or for oppressive reasons. Bad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." [*Id.* (citing Oliveri)].

"The hallmark of bad faith is the attempt to abuse the judicial process." [*Id.*; *See also*, In re Asbridge, 61 B.R. 97, 102 (Bankr. D.N.Dak. 1986)].

Section 105(a) of the Bankruptcy Code provides authority to this Court to:

> [I]ssue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]. No provision of [the Bankruptcy Code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. §105(a).

Section 105 of the Bankruptcy Code addresses the Court's authority to issue orders that carry out the provisions of the Bankruptcy Rules. [Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1995) ("if in the informed discretion of the court, neither the statutes nor the Rules are up to the task, the court may rely on its inherent power"); Jones v. Bank of Santa Fe (In re Courtesy Inns, Inc.), 40 F.3d 1084, 1089 (10th Cir. 1994) (bankruptcy courts have inherent power by the Supreme Court in Chambers); 1 COLLIER ON BANKRUPCTY ¶ 8.07[1] (15h ed. Rev. 2004)].

This court has the authority to impose sanctions in the form of attorney's fees and costs, and to do so for the bad faith filing in this case. [Brown v. Mitchell, 827 F.2d 1219, 1221-22 (8th Cir. 1987) ("to not allow a bankruptcy court to impose attorney's fees [under section 105] as sanctions against those who willfully abuse the judicial process would ignore the realities of present-day litigation and the relationship between the court systems."); *see,* Jones (recognizing a bankruptcy court's inherent power under Section 105 to sanction debtor's president for bad faith filing); In re Joe Silver (D. Colo. 1985) (affirming a bankruptcy court's authority to assess and award attorney fees and expenses for bad faith bankruptcy filing); In re Gorshtein, 285 B.R. 118, 124 (Bankr. S.D.N.Y. 2002) (recognizing that "[c]ourts have held that [the] language [of Section 105(a)] is broad enough to empower the court to impose sanctions in conjunction with its inherent power"); First Fed. Sav. And Loan Ass'n of Largo v. Froid (In re Froid); 106 B.R. 293 (Bankr. M.D.Fla. 1989) (acknowledging bankruptcy court's authority under Section 105 to impose fees and sanctions for willful abuse of judicial process)].

**Sanctions Pursuant to 28 U.S.C. §1927**

It is settled law that the Bankruptcy Court has authority under 28 U.S.C. §1927 to award sanctions against an attorney who "unreasonably and vexatiously multiply court proceedings." [In re Cohoes Indus. Terminal, Inc., 931 F.2d 222, 230 (2nd Cir. 1991) (observing that a bankruptcy court may impose sanctions against an attorney pursuant to 28 U.S.C. §1927); In re Truong, No. 07-12194, 2008 WL 1776227, at 5 (Bankr. S.D.N.Y. 2008) ("A bankruptcy court may impose sanctions pursuant to 28 U.S.C. §1927 under the same standard as a district court.")].

Section 1927 provides as follows:

> Counsel's liability for excessive costs:
> Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. §1927

Attorneys are under a continuing duty to correct erroneous filings and the Court may sanction counsel for a bad faith failure to do so pursuant to its inherent powers and 28 U.S.C. §1927. [*See*, Jolly Group, Ltd. V. Medline Indus., Inc., 435 F.3d 717, 720 (7th Cir. 2006)].

**<u>Sanctions Pursuant to Rule 9011</u>**

This Court has the authority to impose sanctions under Rule 9011 of the Bankruptcy Rules. Rule 9011 provides, in relevant part, that:

> (a) Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name….
>
> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
>     (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>     (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law…. (West 2007)

The multiple purposes behind Rule 9011 include deterrence, punishment, and compensation of those harmed by the rule violations. [Trizec Colony Square v. Gaslowitz (in re Addon Corp.), 231 B.R. 385, 389-91 (Bankr. N.D. Ga. 1999)].

A Court may impose sanctions if it finds a violation of any of the four subdivisions of Rule 9011(b). [In re Collins, 250 B.R. 645, 661 (Bankr. N.D. Ill. 2000)]. Rule 9011(b)(1) prohibits the filing of a paper for an improper purpose such as delay, harassment, or causing expense, even if the filing relates to a claim that is otherwise objectively reasonable. [Beeman v. Fiester, 852 F.2d 206, 209 (7th Cir. 1988), overruled on other grounds]. "Bad faith sounds like a subjective inquiry… Despite its sound however, 'bad faith' has an objective meaning as well as a subjective one." [In re TCI Ltd., 769 F.2d 441, 445 (7th Cir. 1985)].

Rule 9011(c)(1)(A) of the Federal Rules of Bankruptcy Procedure provides, "[a]bsent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees." Fed. R. Bankr. P. 9011(c)(1)(A)

**Sections 707(b)(4)(C) & (D) of the Bankruptcy Code**

Section 707(b)(4)(C) of the Bankruptcy Code provides that, "[t]he signature of an attorney on the petition shall constitute a certification that the attorney has…", "(i) performed a reasonable investigation into the circumstances that gave rise to the petition…" and, (ii) determined that the petition…, (I) is well grounded in fact…." [11 U.S.C. §707(b)(4)(C)]. "While an attorney may rely on objectively reasonable representations of his client," such representations must be reasonable, and "reasonable investigation" also requires that, "[a]ll available documents that are relevant to the case should be examined." [2 Moore's Federal Practice §11.11[2] (3rd ed. Matthew Bender)].

Section 707(b)(4)(D) provides that, "[t]he signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect." [11 U.S.C. §707(b)(4)(D)].

Discussing Section 707(b)(4), and citing In re Robertson, 370 B.R. 804, 809 (Bankr. D. Minn. 2007), the United States Bankruptcy Appellate Panel for the First Circuit stated that, the legislature made its point explicitly:

> [T]heir general drift is clear: debtors' counsel are to exercise significant care as to the completeness and accuracy of *all* recitations on their clients schedules, after they have made a factual investigation and legal evaluation that conforms to the standards applicable to any attorney filing a pleading, motion or other document in a federal court. The content of a debtor's petition and schedules is relied on, and should have the quality to merit reliance. [Lafayette v. Collins and Morse, BAP No. MW 08-055, (BAP 1st Cir. May 26, 2009)].

"Accordingly, any attorney who files schedules and statements on a debtor's behalf makes a certification regarding the representations contained therein. Although the certification is not an absolute guaranty of accuracy, it must be based upon the attorney's best knowledge, information and belief, 'formed after an inquiry reasonable under the circumstances." [*Id*. (quoting Nosek v. American Mortg. Co. (In re Nosek), 386 B.R. 374, 381 (Bankr. D. Mass. 2008)]. The standard applied is, "an objective standard of reasonableness under the circumstances." [Nosek (quoting Cruz v. Savage, 896 F.2d 626, 631 (1st Cir. 1990). The BAP First Circuit held that an attorney has, "an affirmative duty to conduct a reasonable inquiry into the facts set forth in a debtor's schedules, statement of financial affairs… before filing them." Lafayette].

**Sanctions Against the Debtor**

The imposition of sanctions against the Debtor, in the amount of Creditor's legal fees and costs incurred in challenging his filing, are just, warranted and entirely proper in this case.

The Debtor filed his case in bad faith, and for an improper purpose. Debtor filed his case solely in response to the Judgment entered against him in favor of Creditor, only after his attempt to vacate that Judgment failed and Creditor began enforcement of the Judgment. Debtor filed his case to take this matter out of the hands of the State Court, where Debtor was facing an imminent motion for contempt due to his failure to comply with post-judgment subpoenas served upon him in that matter. Debtor filed his case to impede and impair Creditor from recovering the funds held in his attorney's escrow account at the direction of the State Court, which should have been turned over to Creditor after that court's decision in July 2013. Debtor filed a Petition, Schedules and Statements which were replete with knowing misstatements and omissions. Debtor provided knowingly false testimony at his 341 meeting. Debtor failed to make a full and candid disclosure by filing a deficient Petition, Schedules and Statements, willfully failing to disclose multiple business ownership interests, debts owed to insiders, and potential claims, and then failed to comply with a 2004 subpoena and the examination order of this Court by failing to keep, maintain and produce the vast majority of documents and records which would allow for an independent investigation and determination of his financial condition and business transactions. The extent of Debtor's misstatements and omissions, and his false testimony at the 341 meeting, show a total disregard for the completeness and accuracy of his filings made, and information provided to the Court and Creditor, in this case.

The Debtor's filing and conduct require the imposition of sanctions pursuant to Section 105(a) of the Bankruptcy Code, and Rule 9011 of the Bankruptcy Rules.

**Sanctions Against Sobers and Sobers Law**

Sobers, and thus Sobers Law knew, or should have known, that Debtor's case was being filed in bad faith. Any reasonable attorney in their position would have known Debtor's filing was being made in the total absence of good faith.

As Sobers and Sobers Law represented Debtor in the State Court Action, they knew that Creditor's Judgment was entered against Debtor in March 2013, and was based upon multiple, intentional fraudulent conveyances effect by the Debtor with his father to defraud Creditor. They knew that Debtor attempted to vacate the Judgment by filing a meritless motion in the State Court Action. They knew that Debtor was directed to, and did, deposit $12,400.00 into his co-counsel's escrow account pending the determination of the aforesaid motion. They knew that the Debtor's motion was denied by order of the State Court on July 30, 2013. They knew that Creditor had served subpoenas upon Debtor immediately following that order and demanded the turn-over of the $12,400.00 held in escrow. They were warned by letter from Creditor's counsel prior to the Debtor's filing that any such filing would be met with the instant motion to dismiss and for sanctions. They knew Creditor's Judgment amounted to more than 97% of the total debts of Debtor. Accordingly, Sobers and Sobers Law knew, or at the very least, should have known, that Debtor's filing was being made in bad faith. Despite this, they signed, certified, and filed the Debtor's case in violation of Section 105(a) of the Bankruptcy Code and Rule 9011 of the Bankruptcy Rules.

In addition to the foregoing, because of their representation of the Debtor in the State Court Action, and Sobers' own sworn submissions in that case, Sobers and Sobers Law knew that the Debtor:

1. had a potential claims against his former business partner for breach of fiduciary duty and misappropriation;

2. owned Garden of Health, Inc.; and

3. owed debts to insiders.

Despite the actual knowledge of these facts, Sobers and Sobers Law did not see to their disclosure in the Debtor's filings.

Sobers and Sobers Law signed and filed the Debtor's filings with this Court, certifying the completeness and accuracy of the information contained therein, when they had <u>actual</u> knowledge that the information in such filings was, in fact, not complete or accurate.

In addition to having actual knowledge of the foregoing prior to the Debtor's filing, even after they were reminded of the foregoing non-disclosures of the Debtor, and additional non-disclosures by the Debtor, pursuant to Debtor's testimony at the 341 meeting and in the few documents actually produced by the Debtor, Sobers and Sobers Law failed to effect the amendment of the Debtor's filings in violation of 28 U.S.C. §1927.

In addition to their failure to disclose the information of which they were actually aware, and of which they became aware, Sobers and Sobers Law obviously failed to conduct a reasonable investigation of the Debtor under the circumstances. Debtor's Petition, Schedules and Statements are replete with misstatements and omissions which would have been easily determined upon even the most cursory of investigations of the Debtor. These easily determinable facts include, but are not limited to, the missing details of Debtor's ownership of multiple businesses, the fact that Debtor failed to disclose any rent expense despite his father's

previous disclosure of $2,000 in monthly rent expense for the family home (the father's case was disclosed as a related case in Debtor's filing – a simple review of his filings would have revealed this), the joint lessee on Debtor's auto lease, the fact that Creditor was not a secured creditor as disclosed in the Schedules, the fact that Debtor's father is not a co-debtor on the Judgment as disclosed in the Schedules, the details of Debtor's employment and salary for the previous three years, and the fact the Debtor's debts are entirely consumer debts – not business debts as disclosed in the Petition and Statements.

Finally, any reasonable investigation of the Debtor would have resulted in the determination prior to filing that Debtor had failed to keep and maintain most of the documentation and records with respect to his financial condition and business transactions. This would have led Sobers and Sobers Law to realize that Debtor could not make a full and complete disclosure and could not ever hope to survive a challenge to his filing pursuant to Section 707(a)(3) of the Bankruptcy Code.

Sobers and Sobers Law knew or should have Debtor's case was being filed in bad faith, and yet they filed it with this Court regardless. They had actual knowledge of assets and facts relevant to Debtor's case which they knowingly failed to disclose in the Debtor's filings. They failed to conduct a reasonable investigation of the Debtor in this case. They failed to correct the Debtor's filings despite being reminded after the filings of the non-disclosures and misstatements. They exhibited a total disregard for the accuracy and completeness of the filings they made in this case. They certified Debtor's filings despite having actual knowledge that the information contained therein was, in fact, incomplete and inaccurate. And, there are no unusual circumstances which would prevent this Court from holding Sobers Law equally responsible for the wrongful conduct of Sobers in this case.

The imposition of sanctions against Sobers and Sobers Law is required under Section 105(a) of the Bankruptcy Code, Rule 9011 of the Bankruptcy Rules, and 28 U.S.C. §1927.

## **CONCLUSION**

For the reasons set forth herein, as supported by the affirmation and supporting papers of Creditor's counsel simultaneously submitted herewith, Creditor respectfully requests an Order of this Court: (a) dismissing the Debtor's Chapter 7 case for cause pursuant to §707(a) of the Bankruptcy Code and barring the Debtor from making any subsequent filings under the Bankruptcy Code for a period of at least three years; (b) imposing sanctions upon the Debtor pursuant to Rule 9011 of the Bankruptcy Rules and Section 105(a) of the Bankruptcy Code; (c) imposing sanctions upon Sobers and Sobers Law, jointly and severally with Debtor, pursuant to Bankruptcy Rule 9011, Section 105(a) of the Bankruptcy Code, and 28 U.S.C. §1927, and based upon their breach of their duties under §707(b)(4)(C) and §707(b)(4)(D) of the Bankruptcy Code; and (d) granting such other and further relief as this Court deems just and proper, or in the alternative, for an extension of time to object to the Debtor's discharge.