Vivian Sobers, Esq. (vs7129)
Attorney for Debtor, Viki Devani
11 Broadway, Suite 615
New York, New York 10004
(347) 244-3687

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                    Chapter 7

    VIKI DEVANI,

                                                    Case No.: 13-45106-CEC

                    Debtor.
-----------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO CREDITOR DESIDERIO'S MOTION TO DISMISS DEBTOR'S CHAPTER 7 CASE FOR BAD FAITH AND FOR IMPOSITION OF SANCTIONS

Vivian Sobers, Esq. (vs7129)
Attorney for Debtor, Viki Devani
11 Broadway, Suite 615
New York, New York 10004
(347) 244-3687

## PRELIMINARY STATEMENT

This Motion to Dismiss is being brought improperly by Creditor and his attorney. Debtor is seeking a "fresh start" under the under Chapter 7 of the Bankruptcy Code. Debtor filed his application as a last resort in good faith seeking to have his debts discharged. Debtor provided both the Trustee and the Creditor with all information for the proper administration of the estate.

## DISMISSAL FOR BAD FAITH UNDER §707(A) IS IMPROPER

1. Under 11 U.S.C. §707(A) a debtor's filing may be "dismiss[ed]…only after notice and a hearing and only for cause, including—

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521 (a), but only on a motion by the United States trustee.

2. The United States trustee has standing to dismiss under section 707(a)(3). Other parties in interest must proceed only under section 707(a)(1), where a creditor must show a delay is prejudicial, the list is not, however, exhaustive. In re Khan, 172 B.R. 613, 620 (Bankr. D. Minn, 1994).

3. For a petition to considered procedurally sound, the debtor must provide a list of creditors, a schedule of all assets and liabilities, a statement of the debtor's financial affairs, an itemized statement of the debtor's monthly net income, and other documents detailing the debtor's duties. 11 U.S.C. § 521(a).

4. In the instant action, Debtor filed his Petitions and Schedules on or about August 2013.

5. In Debtor's Schedules he listed income of only $1,000.00 per month, but inadvertently failed to the entity that was the source of his income. (See Debtor's Affidavit and Attorney Affirmation)

6. However, the entities whereby debtor has a relevant interest were provided.

7. Furthermore, the source of the income was corrected by the itemized statement of monthly income provided to the Trustee; by the responses to Creditor's 2004 subpoenas and by Debtor's appearance at hi 341 Meeting.

8. At no time, were assets concealed, as the value derived from the inadvertently omitted entity was in fact the $1,000.00 that debtor stated, the other entities listed are no longer operational and have no value.

9. More importantly however, the U.S. Court of Appeals for the Second Circuit has yet to make a ruling as whether a bad faith inquiry is appropriate under 11 U.S.C. §707(a) and there is a split among the circuits as to the relevant standard of review.[1]

10. Among the split in the circuits is also a split in the factors to be considered when deciding bad faith.

11. In re Mitchell, 357 B.R. 142 (Bankr. C.D.C.A. 2006). The court in Mitchell enumerated a long list of factors consider in a "bad faith" analysis, including, but not limited to:

---

[1] "The Sixth Cir and a host of bankruptcy courts...have found bad faith to be a ground for dismissal under § 707(a). See, e.g., Zick, 931 F.2d at 1127 (bad faith can provide cause for a § 707(a) dismissal); In re Lacrosse, 244 B.R. 583, 587 (Bankr.M.D.Pa.1999) (a Chapter 7 petition may be dismissed under § 707(a) for lack of good faith in filing the petition); In re Smith, 229 B.R. 895, 897 (Bankr.S.D.Ga.1997) (debtor's lack of good faith in filing bankruptcy petition will constitute "cause" for dismissal of Chapter 7 case; Taking a different view, the Eighth Circuit and several bankruptcy courts have found bad faith...to be an improper basis for a § 707(a) dismissal. See, e.g.,Huckfeldt, 39 F.3d at 832 (stating that while some conduct giving rise to dismissal under § 707(a) can be characterized as bad faith, the issue is properly whether the petition should be dismissed "for cause"); In re Etcheverry, 242 B.R. 503, 506 (D.Colo.1999) (holding that because there is no explicit "good faith" requirement in Chapter 7, bad faith cannot constitute "cause" for dismissal under § 707(a)); In re Landes, 195 B.R. 855, 855 (Bankr.E.D.Pa.1996) (holding that a good faith filing requirement cannot be read into § 707(a), embracing In re Latimer, 82 B.R. 354 (Bankr.E.D.Pa.1988), and tacitly overruling In re Marks, 174 B.R. 37 (1994))." In re Padilla, 222 F.3d 1184 (9th Cir. 2000)

1. The debtor's history of filings and dismissals;
2. Whether the debtor has misrepresented facts in their petition;
3. Whether the debtor has unfairly manipulated the Code or otherwise acted inequitably; whether the debtor actually needs bankruptcy protection;
4. Whether the debtor's invocation of the automatic stay was for improper purposes, such as defeating state court litigation;
5. The debtor's actual ability to fund a Chapter 13 plan from his income;
6. Whether the debtor's petition was occasioned by illness, disability, loss of employment or some other unexpected calamity;
7. The extent to which the debtor intentionally obtained cash or consumer goods in excess of his ability to repay;
8. The excessiveness of the debtor's proposed budget;
9. The presence of any eve-of-bankruptcy purchases; and
10. Whether other egregious behavior is present Id. at 155 (citing cases).

12. However, Creditor looks to the case of In re O'Brien, for his list of over fourteen factors (discussed further below.)

13. Such a split in the standard of review and analysis to be employed for bad faith indicates that the analysis under §707(a) for bad faith is wholly inappropriate.

14. Wherefore, the Court should not review the instant Motion to Dismiss under the standard of bad faith under §707(a) of the Bankruptcy Code.

## DEBTOR VIKI DEVANI DID NOT ACT IN "BAD FAITH" IN HIS CHAPTER 7 FILING

15. Even assuming arguendo that an analysis is warranted under 707(a), the determination of a bad faith dismissal must consider "the interests of both the debtors and creditors" and assess on a case-by-case basis whether there is "cause" sufficient to warrant dismissal. In re Dinova, 212 B.R. 437, 441, 442 (2nd Cir. 1997) Where debtor's good faith is put into question, the debtor bears the burden of proving that the filing was made in good faith); In re Zick 931 F.2d 1124, 1127 (1991)

3

16. "It should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct or gross negligence. Zick, 931 F.2d at 1129.

17. In Zick, the Sixth Circuit confirmed oncluded debtor's bankruptcy filing was done in bad faith as he "(1) the debtor's manipulation which reduced the creditors in this case to one; (2) the debtor's failure to make significant lifestyle adjustments or efforts to repay; (3) the fact that the petition was filed clearly in reponses to IIS' obtaining a mediation award; and (4) the unfairness of the debtor's use of Chapter 7 under the facts..." (See also, In re Brown, where Court found bad faith based upon a "single creditor, debtor capable of earning substantial income, ability to repay through adjustment of lifestyle, and intent to abuse Bankruptcy..." In Re Brown, 88 B.R. at 283-84).

18. "Zicks own statements submitted to the bankruptcy court indicated a continuing monthly income of at least $7,000 plus certain pension plan benefits (His gross business income was approximately $361,000 anually. His non-debtor spouse had additional income. Exclusive of real property and household goods, Zick listed other personal property of approximately $90,000.00

19. Here, the debtor listed monthly income in the amount of $1,000.00 without any benefits he is unmarried house no real property etc...

20. Dismissal based on lack of good faith

21. In general, the decision to grant or deny a motion to dismiss under section 707(a) is "guided by equitable considerations." In re Smith, 507 F3d 64 (2d Cir. 2007). The deterination is within the sound discretion of the bankruptcy court and should be based upon "whether dismissal would be in the best interest of all parties in interest." In re Smith, 507 F3d at 73

## O'BRIEN FACTORS

22. Creditor relies on O'Brien for a list of factors that indicate the possibility of bad faith in a filing, including, but not limited to:

1. **The debtor's manipulations having the effect of frustrating one particular creditor;**

2. **The absence of an attempt to pay creditors;**

3. The debtor's failure to make significant lifestyle changes;

4. The debtor has sufficient resources to pay a substantial portion of his debts;

5. **The debtor inflates expenses to disguise financial well-being;**

6. The debtor is overutilizing protections of the Bankruptcy Code to the conscious detriment of creditors;

7. The debtor reduced his creditors to a single creditor in the months prior to the filing of his petition;

8. **The debtor filed in response to a judgment, pending litigation or collection action; there is an intent to avoid a large single debt;**

9. The unfairness of the use of Chapter 7;

> 10. **The debtor transferred assets;**
>
> 11. **The debtor is paying debts to insiders;**
>
> 12. **The debtor failed to make candid and full disclosure;**
>
> 13. The debts are modest in relation to assets and income; and
>
> 14. **There are multiple bankruptcy filings or other procedural "gymnastics"**

23. Turning to the first and eighth factors whereby The debtor's manipulations having the effect of frustrating one particular creditor and debtor filed in response to a judgment, pending litigation or collection action; there is an intent to avoid a large single debt;

24. The abuse justifying dismissal of the debtor's case is abuse of the bankruptcy process as a whole, not the debtor's abuse of an individual creditor. In re Gonyer, 383 B.R. 316, 320-21 (Bankr. N.D. Ohio 2007) (debtor's action towards individual creditor may be dealt with under provisions of Bankruptcy Code allowing court to deny debtor discharge of certain debts, and therefore these actions should not be given too much weight in deciding whether a bad faith dismissal is appropriate, except where the acts are particularly egregious)

25. In the instant action, prior to the bankruptcy Debtor paid 90% of the debt outstanding and owing to Creditor.

26. Debtor made monthly payments for over two years in compliance with the settlement stipulation.

27. Debtor had every intention of making the last and final payment but was thwarted by his business partner.

28. However, even when the debtor came into Court with his final payment ready to be finally be finished with his obligations despite the set back, Creditor refused.

29. In the instant matter, it is the Creditor that is frustrating the Debtor.

30. Had the Creditor taken the last payment that was owed in accordance with the Stipulation, this bankruptcy filing may not have followed.

31. Creditor has only himself to blame for being in this vexatious position.

32. Further, the cases where the Court found abuse of the bankruptcy process, did so, in conjunction with even more egregious factors such as (1) failure to make significant lifestyle changes; (2) the debtor's manipulation reducing his creditors to one (3) lying about employment status; (4) and going on credit card bust-outs. *See* In Re Zick 931 F.2d at 1128 (6th Cir. 1991) and In re Mitchell 357 B.R. at 129 (Bankr. C.D.C.A. 2006).

33. Next, factor two, was proposed by the Creditor whereby a debtor has not made a single payment on the judgment.

34. In the instant matter, it was impossible for Debtor to pay over $130,000.00 when he has a monthly income of only $1,000.00.

35. Debtor paid the monthly installments as agreed for an extended period.

36. Debtor was ready willing and able to make the final payments.

37. Creditor with his refusal to accept the final payment placed himself before this Court.

38. It is wholly inequitable to now ask the Court to deny the Debtor the "fresh start" he seeks.

39. In response to Factor 10, Creditors allegations are categorically false.

40. Creditor is well aware of Debtors lack of business acumen, he is well aware that Debtor did not actively assist his father in defrauding anyone.

41. Debtor's father provided funds to him to open a business so that he may have a future, there is nothing fraudulent on debtors behalf in that transaction.

42. Debtor's father also provided funds so as to not have to deal with creditor's directly.

43. Debtor lacks the requisite intent for fraudulent transfers as he was not a party to the original transactions that precipitated the lawsuits nor was he actively participating in concealing assets from Creditor.

44. As to factor 11, Creditor is alleging favoritism towards insiders that is just not true.

45. Debtor has received funds from family and friends to assist in paying his debts, but there was no expectation of repayment.

46. Next, is factor 12, whereby Creditor is alleging Debtor failed to make full and candid disclosure.

47. Fraudulent intent in schedules must prove: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *In re Murray* 249 BR 228 2000

48. More importantly, it is not sufficient that a debtor is merely careless... The omissions must rise to the level of showing fraudulent intent. In re Gollomp 198 BR 433 The omission and/or misstatements must be material. However, "any matter bearing on

the discovery of estate property or the disposition of the debtor's property is material"...In re Ambramov 329 BR at 134

49. If the debtor fails to provide evidence that the false statement was unintentional, orto provide a credible explanation, a court may infer fraudulent intent. Pergament v. DeRise (In re DeRise), 394 B.R. 677, 691 (Bankr. E.D.N.Y. 2008). However, the overall burden of proof remains with the moving party. See., e.g., BTE Concrete Formwork, LLC v. Arbaney (In reArbaney), 345 B.R. 293, 301 (Bankr. D. Colo. 2006).

50. In the instant matter, the omissions were inadvertent, but more importantly were not "material to the discovery of estate property or the disposition of the debtor's property".

51. The information was not only provided subsequent to the filing of the schedules, but the information was known to Creditor prior the filing.

52. More importantly, the inadvertent omissions changed nothing about the potential administration of the estate, there were no undervaluation of assets, there were no sources of income not listed, nor were there any potential lawsuits missing.

53. Assuming arguendo, the information was there, the value of the estate remains the same, the income of the debtor remains the same, and the value of the entities remains the same.

54. Thus, it cannot be said that the negligent omissions were material nor were they done with fraudulent intent.

55. Therefore, the Creditor's Motion to Dismiss for Bad Faith should be denied in its entirety.

## IMPOSITION OF SANCTIONS IS ONLY RESERVED FOR EGREGIOUS CONDUCT NOT PRESENT IN THE INSTANT MATTER

56. 11 U.S.C. § 105(a) provides in relevant part:

1. (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

57. However, "the United States Supreme Court has cautioned that this Court must exercise restraint and discretion in using its powers under § 105(a). Chambers v. NASCO, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

58. In Chambers, the Court found that "a court must, of course, exercise caution invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees. Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power. 501 U.S. at 50 (citation omitted)

59. This determination generally requires the court to evaluate all relevant facts and circumstances and decide whether the debtor's intention in filing for bankruptcy is inconsistent with the purpose of the Code.

60. For example, in Mitchell, the debtor went on a shopping spree leading up to the filing and had no income whatsoever.

61. Here, the Debtor has had the same lifestyle since college.

62. The Debtor made a good faith attempt to pay the debt owed to Creditor.

63. The stated purpose of the Code is to provide honest debtors with a fresh start, here, the Debtor has been attempting to pay his debts to Creditor for some time.

64. He was finally at the point where he could pay his debts despite the sudden hardship and despite his health complications.

65. Instead, Creditor decided to enforce a judgment almost worth almost four times the original settlement amount.

66. Debtor is seeking a fresh start from the lawsuits that had nothing to do with him directly and from the judgment that he didn't have the funds to fight.

67. Debtor did not file this petition in bad faith and did not do so with any fraudulent intent.

68. Debtor's filings have allowed for anyone to get a proper assessment of the estate.

69. Thus, the extreme remedy of sanctions is not warranted in the instant matter and should be denied in its entirety.

70. 28 U.S.C. §1927 provides in relevant part:

> 1. Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

71. As Creditor stated it is well settled law to award sanctions to an attorney who "unreasonably and vexatiously multiply court proceedings."

72. Debtor and Debtor's counsel find this allegation preposterous coming from Creditor and his counsel.

73. Creditor has made a living from vexatious state court actions and multiple judgments.

74. The Debtor finally wants a fresh start from Creditor's multiple proceedings after attempting to settle this matter for the last two years and instead the Debtor is attacked with the above allegations.

75. Debtor is simply seeking the Courts protection from its creditors.

76. As such, the Creditor's request for sanctions should be denied in its entirety.

77. Creditor also seeks sanctions under 28 U.S.C. §1927 for excessive costs.

78. Again, the Debtor is simply attempting to get a fresh start.

79. He did not commit fraud, nor did he withhold assets or information that would allow the Trustee to administer the estate accordingly.

80. The Debtor and counsel should not be sanctioned simply for attempting to get protection from its Creditors.

81. Next, the Creditor seeks sanctions pursuant to Rule 9011. The "exercise of the power granted to the court by Rule 11 requires . . . a determination as to whether, judged by the standard of reasonable party or lawyer, the party or lawyer offended one of the rule's provisions." The Cadle Co. v. Pratt (In re Pratt), Bankr. No. 00-35214-HDH-7, Adv. No. 00-03600, 2008 WL 2954755, at *3 (N.D. Tex. July 30, 2008)

82. A reasonable party or lawyer would have filed for protection after witnessing creditors callous and wholly unwarranted refusal to accept the final payment on his debt.

83. The only reasonable explanation for Creditors conduct and the subsequent filings in this bankruptcy matter only provide proof that Debtor was correct in seeking protection.

84. Thus, all of Creditors requests against Debtor, Sobers and Sobers Law, should be denied in its entirety.

85. Lastly the Creditor is seeking sanctions under Sections 707(b)(4)(C) & (D) of the Bankruptcy Code.

86. My office conducted a reasonable investigation in debtors assets.

87. The investigation revealed that the debtor had been placed as officer or director of various entities all of which had no assets.

88. My investigation also revealed that Garden of Health and Nutrifood were no longer current entities.

89. My investigation revealed that the original filings did not list Veda Medica as the sole source of income.

90. My office supplied the information to the Trustee and the Creditor upon noticing the inadvertent omission.

91. As the addition of Veda Medica had no effect on the potential administration of the estate, counsel found it unnecessary to amend the petition and schedules.

92. This was especially true considering Creditors privy to all of the information in the previous ten years of litigation, and the subsequent submissions to the Trustee.

WHEREFORE, WHEREFORE, it is respectfully requested that Creditor and his counsel's Motion to Dismiss and for Sanctions be denied in its entirety and granting such other and further

relief as this Court deems just and proper.

Dated:  New York, New York
        January 29, 2014

                                                    _____
                                                              VIVIAN SOBERS