SOBERS LAW, PLLC
Vivian Sobers, Esq.
11 Broadway, Suite 615
New York, New York 10004
P: (347) 244-3687; F: (888) 324-4753
vsobers@soberslaw.com
www.soberslaw.com

February 27, 2014

Chief Judge Carla E. Craig
U.S. Bankruptcy Court
Eastern District of N.Y.
Conrad B. Duberstein U.S. Courthouse
271-C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201-1800

Re: Case No.: 1-13-45106-cec
Debtor: Viki Devani

Dear Judge Craig:

My office represents Debtor Viki Devani. This Chapter 7 case was before the Court on Creditor John Desiderio's Motion to Dismiss on February 6, 2014. At that time, the matter was set for trial and a pre-trial scheduling order was issued on February 10, 2014. On or about February 17, 2014, Creditor John Desiderio, filed an adversarial proceeding seeking among other things, a denial of discharge.

While working on the joint pre-trial order, due today, an issue has arisen as to what the proposed trial will cover. It is my belief, that the only matter before this Court is the Motion to Dismiss. Creditor believes it is both the Motion to Dismiss and the Adversarial Proceeding. The adversarial proceeding contains new statutory allegations, specifically:

a. Whether the debt owed by Debtor to Plaintiff was incurred through actual fraud warranting the determination that such debt is not dischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code.

b. Whether Debtor, without justification, concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and papers from which the Debtor's financial condition and/or business transactions might be ascertained warranting the denial of Debtor's discharge pursuant to Section 727(a)(3) of the Bankruptcy Code.

c. Whether Debtor has knowingly and fraudulently, in or in connection with this case, withheld pertinent information regarding the Debtor's property and/or financial affairs warranting denial of Debtor's discharge pursuant to Section 727(a)(4)(D) of the Bankruptcy Code.

d. Whether Debtor has failed to explain satisfactorily, before determination of denial of discharge, the loss of assets or deficiency of assets to meet the Debtor's liabilities warranting denial of Debtor's discharge pursuant to Section 727(a)(5) of the Bankruptcy Code.

e. Whether Debtor has refused in this case to obey a lawful Order of this Court warranting denial of Debtor's discharge pursuant to Section 727(a)(6) of the Bankruptcy Code.

The adversarial proceeding was just filed, and my office has not had a change to submit an answer or respond in any meaningful way. At this time, I am simply requesting the Court's clarification as to whether the currently scheduled trial will be for the Motion to Dismiss or the Adversarial Proceeding or both.

Thank you.

Very truly yours,

Vivian Sobers

CC: Via Email: lawjsd@gmail.com
John Desiderio, Esq.
Attorney for Creditor John Desiderio, Sr.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re: Case No. 13-45106-608

Viki Devani, Chapter 7
Debtor.
-----------------------------------------------------------x

**PRE-TRIAL SCHEDULING ORDER**

It is hereby,

ORDERED, that the parties hereto shall comply with the following schedule in connection with a trial on John Desiderio's motion to dismiss Viki Devani's chapter 7 case:

1. The parties shall file a joint pre-trial order in the form available on the Court's website on or before February 27, 2014;

2. Each party shall serve all requests for the production of documents by February 20, 2014, and all responses to such requests shall be provided by March 31, 2014;

3. The parties shall appear for a final pre-trial conference on April 10, 2014, at 3:00 p.m. The parties may appear by counsel, if counsel has settlement authority; otherwise, each party must appear in addition to counsel. The purpose of the conference is to schedule the trial and to discuss alternative resolution;

and it is further

ORDERED, that the Court will not adjourn the final pre-trial conference or excuse the appearance by either party or its counsel unless a stipulation of settlement resolving these matters in their entirety is on file with the Clerk of the Court in Brooklyn, New York prior to April 8, 2014 at 10:00 a.m.; and it is further

ORDERED, that none of the dates set forth in this Order shall be extended or adjourned in the absence of good and sufficient cause being demonstrated to the Court in advance of the date in question.

United States Bankruptcy Court Eastern District of New York

**Dated: Brooklyn, New York**
**February 10, 2014**

Carla E. Craig

**Carla E. Craig**
**United States Bankruptcy Judge**