UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:
Chapter 7

VIKI DEVANI,

Case No. 13-45106-CEC

Debtor.
-----------------------------------------------------------------------X
JOHN DESIDERIO,

Plaintiff.

Adv. Pro. No.: 14-01025-CEC

-against-

VIKI DEVANI,

Defendant.
-----------------------------------------------------------------------X

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL COUNSEL'S AFFIRMATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEBTOR-DEFENDANT**

VIVIAN SOBERS, ESQ. (VS7129)
SOBERS LAW, PLLC
Counsel for Debtor -Defendant
VIKI DEVANI
11 Broadway, Suite 615
New York, New York 10004
P: (347) 244-3687
F: (888) 324-4753

# TABLE OF CONTENTS

TABLE OF CONTENTS....................i

TABLE OF AUTHORITIES....................ii

PRELIMINARY STATEMENT....................1

RELIEF REQUESTED....................1

ARGUMENT....................1

CONCLUSION....................3

# TABLE OF AUTHORITIES

**Statues and Regulations**


28 U.S.C. §157 ........ 1

28 U.S.C. §1334 ........ 1

28 U.S.C. §157(b)(2) ........ 1

28 U.S.C. §1409 ........ 1

Rule 9018 Federal Rules of Bankruptcy ........ 1,2

11 U.S.C. §107(b) ........ 1

Rules 9013-1(a) of the Eastern District of New York Bankruptcy Rules ........ 1


**Rules of Reason**


Rule 1.6 of the New York State Rules of Professional Conduct ........ 1,2


**Cases**


In re Global Crossing, Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ........ 2

In re Fibermark, Inc. 330 BR 480, 498 (D. Vermont 2005) ........ 2,3

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**RELIEF REQUESTED**

1. By this motion (the "Confidentiality Motion"), pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018; Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules") and Rule 1.6 of the NY Rules of Professional Conduct. Counsel for Debtor respectfully seeks authority to file under seal counsel's affirmation listed on Exhibit "A" attached hereto, which contain sensitive, confidential and scandalous matters. A proposed Order requesting this relief is attached hereto as Exhibit "B".

**PRELIMINARY STATEMENT**

2. SOBERS LAW, PLLC ("Sobers Law") respectfully submits this Memorandum of Law in Support of its Motion to Seal counsel Vivian Sobers ("Sobers") Affirmation in Support of the Motion to Withdraw as counsel of record for Debtor-Defendant, VIKI DEVANI. ("DEVANI") currently pending before the Court and scheduled for a hearing on June 4, 2014.

**JURISDICTION**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §1409.

**ARGUMENT**

4. Section 107(b) of the Bankruptcy Code allows a court to direct that documents filed in connection with a motion, such as, the Motion to Withdraw as Counsel, be filed under seal. Section 107(b) provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –

(1) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title. 11 U.S.C. § 107(b).

5. Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to Section 107(b) of the Bankruptcy Code. Rule 9018 provides, in relevant part:

> On motion or its own initiative, with or without notice, the court may make any order which justice requires ((2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code [.] Fed. R. Bank. P. 9018.

6. Furthermore, "when the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad -- any order which justice requires. The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." In re Global Crossing, Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003)

7. Specifically, the confidentiality restrictions of Rule 1.6 of the N.Y. Rules of Professional Conduct are on point in this matter.

8. More importantly, "the public interest in preserving the attorney client privilege ordinarily outweighs the presumption of access to judicial documents," In re Fibermark, Inc. 330 BR 480, 498 (D. Vermont 2005)

9. "The privilege protecting evidence relating to communications between attorney and client is intended to ensure that a client remains free from apprehension that consultations with a legal adviser will be disclosed." Id.

10. To establish the right to protection, the party asserting the privilege must demonstrate the presence of all the predicates of the privilege, *via,:*

1. A communication;
2. made between privileged parties;

3. in confidence;
4. for the purpose of seeking, obtaining or providing legal assistance to the client. Restatement (Third), *The Law Governing Lawyers* § 68 (2000); *see also,*Restatement (Third), *The Law Governing Lawyers* § 68 comment c (2000). Id. In re Fibermark, Inc. 330 BR at 498

11. Here, counsel's affirmation and basis for withdrawal is based upon communications by Devani to counsel while providing legal assistance.

12. While counsel is seeking to withdraw the paramount duty of protecting confidentiality remains.

13. As such, the affirmation should be sealed by the Court to avoid disclosure of any confidential communication between Devani and counsel.

**CONCLUSION**

WHEREFORE, Sobers Law respectfully requested that and order be made and entered sealing the affirmation of counsel Vivian Sobers, Esq., and for such other relief as this Court deems just and proper.

Dated: New York, New York
May 6, 2014

Respectfully Submitted,

SOBERS LAW, PLLC

By: /s/Vivian Sobers (vs7129)
Vivian Sobers, Esq.
Counsel for Debtor
VIKI DEVANI
11 Broadway, Suite 615
New York, New York 10004
P: (347) 244-3687
F: (888) 324-4753

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:
Chapter 7

VIKI DEVANI,

Case No. 13-45106-CEC

Debtor.
-----------------------------------------------------------------X
JOHN DESIDERIO,

Plaintiff.

Adv. Pro. No.: 14-01025-CEC

-against-

VIKI DEVANI,

Defendant.
-----------------------------------------------------------------X

**AFFIRMATION OF VIVIAN SOBERS, ESQ. OF SOBERS LAW, PLLC IN SUPPORT OF MOTION TO SEAL COUNSEL'S AFFIRMATION**

VIVIAN SOBERS, the undersigned, an attorney at law duly admitted to practice before the Court of the State of New York, admitted in the Eastern District of New York, and being fully familiar with the facts and circumstances set forth herein, affirms the truth of the following under the penalties of perjury:

1. I am the attorney of record for Debtor-Defendant, Viki Devani ("DEVANI") and as such am fully familiar with the facts surrounding this matter based upon my office records and conversations with Devani.

2. I make this affirmation in support of the instant motion to seal my Affirmation in Support of the Motion to Withdraw as counsel for Devani.

3. There has been a breakdown in the relationship between counsel and Devani.

4. There is a fundamental disagreement between counsel and Devani.

5. The communications and disagreements that precipitated this request all occurred while I was assisting Devani in the above-captioned matter.

6. As such, the communications between counsel and Devani should be deemed confidential and not subject to disclosure to the public.

Dated: New York, New York
May 7, 2014

/s/Vivian Sobers (vs7129)
Vivian Sobers, Esq.

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:
Chapter 7

VIKI DEVANI,

Case No. 13-45106-CEC

Debtor.
-----------------------------------------------------------------X
JOHN DESIDERIO,

Plaintiff.

Adv. Pro. No.: 14-01025-CEC

-against-

VIKI DEVANI,

Defendant.
-----------------------------------------------------------------X

**AFFIRMATION OF VIVIAN SOBERS, ESQ. OF SOBERS LAW, PLLC IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEBTOR-DEFENDANT, VIKI DEVANI**

VIVIAN SOBERS, the undersigned, an attorney at law duly admitted to practice before the Court of the State of New York, admitted in the Eastern District of New York, and being fully familiar with the facts and circumstances set forth herein, affirms the truth of the following under the penalties of perjury:

1. The Second Circuit has stated that "the Model Code provides guidance for the court as to what constitutes `good cause' to grant leave to withdraw as counsel." Whiting v. Lacara, 187, F.3d 317 (2d Cir.1999); see also Joseph Brenner Assocs. v. Starmaker Entertainment, Inc., 82 F.3d 55 (2d Cir.1996) (Court permitted withdrawal when hostilities arose between counsel and a third-party relative.)

2. Rule 1.16(b)(4) A lawyer shall withdraw from the representation of a client when: the lawyer knows or reasonably should know that the client is bringing the legal action, conducting the defense, or asserting a position in the matter, or is otherwise having steps taken, merely for the purpose of harassing or maliciously injuring any person. ((The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.) 1.16 comment (3))

3. Furthermore, "there are some instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar. For example, the Code of Professional Responsibility might mandate withdrawal where 'the client is bringing the legal action . . . merely for the purpose of harassing or maliciously injuring' the defendant.... In such a situation, by denying a counsel's motion to withdraw, even on the eve of trial, a court would be forcing an attorney to violate ethical duties and possibly to be subject to sanctions. Whiting v. Lacara, 187, F.3d 317 (2d Cir.1999)

4. Under Rule 1.16 of NY Rules of Professional Conduct an attorney may withdraw if the client "[i]nsists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law," Whiting v. Lacara, 187 F.3d 317 (2d Cir. 1999) (justices reversed the denial of counsel's motion where the client clearly wanted to dictate how the matter would proceed)

5. The current matter has a discovery deadline of June with the parties to come back for a conference at that time to set a time for trial.

6. As of now, further Responses to Interrogatories remain outstanding as well as plaintiff and creditor's deposition.

7. Working on responses to interrogatories created a hostile situation where disagreements arose between myself and Devani.

8. I have no recourse but to ask to withdraw as I cannot properly communicate with my client in such a divergence of opinion.

9. Further I also agreed to assist debtor's father with a response to subpoena and deposition in an underlying related enforcement action.

10. Because of the breakdown in the relationship I have advised them that I cannot defend him in the deposition and have offered to refund a portion of the $500.00 he paid me to do so.

11. The interrogatories are still outstanding as I had to go back to him multiple times to get proper and complete responses.

12. I sent debtor a status letter and advised that the interrogatories are still outstanding.

13. Furthermore, since April 10, 2014 there has been an attempt by both counsel and creditor's counsel to settle the matter to no avail.

14. A client's decision on settlement involves a fundamental disagreement only when no reasonable person in the client's position, having regard for the hazards of litigation, would have declined the settlement. In addition, the client should be given notice of intent to withdraw and an opportunity to reconsider. 1.16 comment (7)

15. Devani has found himself exposed to liability due to the actions of his father in transferring money and assets to Devani.

16. The settlement offered would have avoided any further litigation with creditor including against his family members (mother and sister).

17. Creditor's initial offer required initial payments, with increases on the amount to begin in several months.

18. I expressed to creditor the debtor's concern that they would not be able to afford an increase in payments in only months time.

19. I then secured an offer that would give him three years time until any increase in the amount owed.

20. In advocating for settlement, I explained (again) that the outcome of the matter would depend highly on his credibility on the stand and in depositions.

21. In reviewing the transcript of Peter Devani and the 341 meeting I attended with Devani made it clear that neither is comfortable answering questions in high-pressure situations such as when one is under oath.

22. I was adamant with them that pursuing this matter would only end up in a decision against him.

23. I also explained that the case law is not in his favor due to the various misstatements and inadvertent omissions as well as incomplete responses to interrogatories.

24. Prior to making this motion, Sobers Law advised Defendant that it would be forced to make a motion to withdraw on the grounds set forth herein. Defendant has declined to consent to Sobers Law withdrawal as counsel. Because Devani declined to consent to Sobers Law's withdrawal as counsel for him or to retain substitute counsel, Sobers Law has had no choice but to proceed to seek leave to withdraw.

25. There will be no prejudice as discovery is ongoing and a trial date has yet to be set.

26. However, should the Court find prejudice at this stage of the litigation counsel defers to the Court for guidance on how to proceed.

## CONCLUSIONS

WHEREFORE, Sobers Law, PLLC respectfully requests that the court grant its motion for an order allowing counsel to withdraw as counsel of record for Defendant and grant other relief as the Court deems just and proper.

Dated: New York, New York
May 6, 204

/s/Vivian Sobers (vs7129)
Vivian Sobers, Esq.

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
In re:
Chapter 7

VIKI DEVANI,

Case No. 13-45106-CEC

Debtor.
---------------------------------------------------------------------X
JOHN DESIDERIO,

Plaintiff.

Adv. Pro. No.: 14-01025-CEC

-against-

VIKI DEVANI,

Defendant.
---------------------------------------------------------------------X

**ORDER PURSUANT TO 11 U.S.C. § 107(b), AND FED. R. BANKR. P. 9018, GRANTING MOTION OF SOBERS LAW, PLLC TO FILE DOCUMENTS UNDER SEAL**

Upon the Motion, dated May 7, 2014 (the "Motion"), of Sobers Law, ("Sobers Law") in the above-captioned case, pursuant to Section 107(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Eastern District and Rule 1.6 of the NY Rules of Professional; and the Court having found that it has jurisdiction over this matter and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Eastern District of New York, (ii) the Debtor-Defendant and (iii) the Creditors and the respective attorneys and it appearing that no other or further notice need be

provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Confidentiality Motion is GRANTED as provided herein.