**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In Re:**<br>**VIKI DEVANI,**<br>**Debtor.** | **CASE NO. 13-45106 (CEC)** |
| **In re:**<br>**BHARAT G. DEVANI,**<br>**Debtor.** | **CASE NO. 14-44924 (CEC)** |
| **JOHN DESIDERIO,**<br>**Plaintiff,**<br>**-against-**<br>**VIKI DEVANI,** | **CASE NO. 14-01025 (CEC)** |

**TRANSCRIPT OF (31) MOTION TO DISMISS CASE; MOTION FOR SANCTIONS; MOTION TO EXTEND TIME**
**BEFORE THE HONORABLE CARLA E. CRAIG**
**UNITED STATES BANKRUPTCY JUDGE**
**THURSDAY, JANUARY 15, 2015; 3:26 P.M.**
**BROOKLYN, NEW YORK**

APPEARANCES:

**FOR THE DEBTOR/VIKI DEVANI:**
GREGORY MESSER, ESQ.
Law Offices of Gregory Messer, PLLC
26 Court Street, Suite 2400
Brooklyn, New York 11242

Proceedings recorded by electronic sound recording, transcript produced by transcription service

**SHARI RIEMER**
TypeWrite Word Processing Service
211 N. Milton Road
Saratoga Springs, New York 12866
518-581-8973

APPEARANCES CONTINUED:

**FOR THE DEBTOR/VIKI DEVANI:**
RACHEL BLUMENFELD, ESQ.
26 Court Street, Suite 2220
Brooklyn, New York 11242

**FOR THE DEBTOR/PETER DEVANI:**
PETER KAMRAN, ESQ.
Lester & Associates, P.C.
600 Old Country Road, Suite 229
Garden City, New York 11530

**FOR THE CREDITOR:**
John Desiderio, Esq.
D&F Associates LLP
18 Bedford Avenue
Garden City, New York 11040

(Proceedings began at 3:27 p.m.)

THE CLERK: Calling the Devani cases.

May we have appearances, please.

MR. DESIDERIO: John Desiderio for creditor John Desiderio, Sr.

MR. KAMRAN: Good afternoon, Your Honor. Peter Kamran, Lester & Associates for the debtor Peter Devani.

MR. MESSER: Good afternoon, Your Honor. Gregory Messer for the debtor Viki Devani.

MR. KAMRAN: And with me, Your Honor, is Peter Devani.

THE COURT: Thank you. So at this point there -- the mediation was not successful. So what I plan to do is do whatever I need to do to put you in a position to go back to mediation.

MR. DESIDERIO: Your Honor, we added Mr. Devani's debt to the entire discussion last time. So the debt went up to over $600,000 and the last offer was even less than the first time around. So we're heading in opposite directions as far as --

THE COURT: So the debt -- there's the obligation that -- of Viki Devani pursuant to the note; correct?

MR. DESIDERIO: Pursuant to the fraudulent conveyances.

THE COURT: Well, there's a -- rather -- excuse me.

Pursuant to the judgment I meant to say.

MR. DESIDERIO: Correct. Correct.

THE COURT: So what is the obligation of Mr. -- of Mr. Devani, Sr.?

MR. DESIDERIO: It's in excess of $600,000.

THE COURT: Is it pursuant to what, a note?

MR. DESIDERIO: Judgments.

THE COURT: To judgments.

MR. DESIDERIO: Yes.

THE COURT: So these are -- is there some overlap between the judgments against Mr. Devani, Sr. and Mr. Devani, Jr.?

MR. DESIDERIO: There is because there were fraudulent conveyances. Any payments by Viki Devani would reduce the total judgments, yes.

THE COURT: Okay. All right. So what are the total judgments against Mr. Devani, Sr. are what?

MR. DESIDERIO: In excess of $600,000.

THE COURT: Okay. And this is -- these are judgments for what, for -- based on what?

MR. DESIDERIO: Based on our promise -- default on a promissory note involving the sale of a business.

THE COURT: Okay. All right. So but I guess then there's the question about whether there's a basis for that not to be discharged. That would be an issue. That would be

the issue I suppose.

MR. DESIDERIO: Whether --

THE COURT: Whether Mr. Devani, Sr.'s debtor is subject to any type of non dischargeability claim.

MR. DESIDERIO: Correct.

THE COURT: All right. Well, let's take what's on the docket now. Is there some -- let me ask counsel. Any suggestions about how to -- what -- is there some discrete issue that could be decided in such a way that it would -- that would make it easier to move this toward a resolution?

MR. MESSER: In the Viki Devani case I can't think -- I can't talk about settlement discussions.

THE COURT: No, of course not.

MR. MESSER: In the most general fashion if I may. We're not too terribly far apart. It's not insurmountable. I'm not suggesting by that that they're being unreasonable. That would be unfair. I'm not suggesting that but it's not insurmountable. There was one more discussion today and it wasn't an unreasonable discussion. So I actually hold maybe a little bit of optimism that this is still doable.

We have considered the possibility of converting Viki Devani's case to a Chapter 13 paying the debt out over time. There is -- there will be a feasibility issue as to that but I'm not sure that -- that it can't be accomplished. We've considered that as a possibility. Those are sort of our two

options to get this off the dime.

THE COURT: All right.

MR. KAMRAN: Your Honor, I wasn't involved in the mediation session in front of Judge Trust but --

THE COURT: Was -- was -- but Peter Devani was, wasn't he? Was he not represented by counsel?

MR. KAMRAN: Mr. Lester was there.

THE COURT: I see.

MR. KAMRAN: From our office. But the brief discussion and I wouldn't hold anybody to it but the brief discussion about 15 minutes ago seemed to me to be very promising. It seemed to be an extremely reasonable -- I don't want to say offer but I wouldn't hold him to it by Mr. Desiderio but that seemed very promising toward -- in settlement. I don't know if it's doable. I have not spoken to Mr. Devani yet regarding that but I will immediately after this.

THE COURT: All right. So then should I maybe just putting this case on a pathway toward completion of discovery might prompt -- focus the parties minds a little bit.

MR. KAMRAN: I don't see how it wouldn't, Your Honor.

THE COURT: So let's talk about -- let's talk about -- I guess the pending motions are the -- Mr. Desiderio's motions with respect to discovery in the Viki Devani and then the motions for 2004 exams.

MR. DESIDERIO: We're complete with discovery in the Viki Devani case.

THE COURT: It's completed?

MR. DESIDERIO: Yes.

THE COURT: Okay. So from your point of view you're ready for trial in that case?

MR. DESIDERIO: We are. We only came today asking -- hoping to ask Your Honor to sign a joint pretrial order that's been previously filed with the court.

THE COURT: Okay.

MR. DESIDERIO: Then we would actually proceed with a summary judgment motion at that point.

THE COURT: Okay.

THE COURT: Does it make sense to handle the two cases in tandem?

MR. DESIDERIO: I don't --

MR. KAMRAN: I believe the Viki Devani adversary proceeding is much further along than Peter Devani's.

THE COURT: Okay.

MR. KAMRAN: There's no adversary proceeding.

MR. MESSER: It probably does make sense to handle them in tandem because a resolution, if there were a resolution and that may be going so it would be a resolution of everybody's case.

THE COURT: That's true except that if there's a

summary judgment motion to be made in one case and not in another and in terms of moving the case toward focusing the parties on resolving it that I would think a motion made in one would probably have the effect in both.

MR. MESSER: You're absolutely correct, Your Honor.

THE COURT: So why don't you -- let's see. You say you all signed -- you signed -- there was a joint pretrial order submitted you say, Mr. Desiderio, in the Viki Devani case.

MR. DESIDERIO: Yes, There's a joint pretrial order submitted by myself and prior counsel on April 4th.

THE COURT: Why don't you -- I don't know that -- I don't need a joint pretrial order in connection with a summary judgment motion. Why don't you make your summary judgment motion. I'll put that -- I'll schedule that. If it -- if there's something --

MR. DESIDERIO: Well, the joint -- I'm sorry. The joint pretrial order would certainly facilitate that. The admissions that were made would be -- would make it very --

THE COURT: I think I would probably give Mr. Messer a chance to look that over to see if he wants to --

MR. MESSER: I would appreciate that, Your Honor.

THE COURT: -- make any changes to that. I don't -- joint pretrial orders are used in connection with trials typically.

MR. DESIDERIO: I understand.

THE COURT: So I would -- I think what I would do is I'd give you a date for the -- for your summary judgment motion and if you want to -- if you think it would facilitate things to -- for me to sign the pretrial order I will have to take a look at it after Mr. Messer has had a chance to review it.

MR. MESSER: We'll look at it. We'll speak to Mr. Desiderio within the next ten days. We're not going to be under pressure to look at it.

THE COURT: Okay. So when do you want to file your motion?

MR. DESIDERIO: Ten days. Maybe 30 days.

THE COURT: So okay. So, Mr. Messer, I take it you've completed all the discovery you're going to --

MR. MESSER: That's right.

THE COURT: So 30 days out for the hearing date is what you're saying.

MR. DESIDERIO: Well, if it's going to take ten days for them to review the joint pretrial order and a couple for Your Honor to review that and sign it and 20 days after that -- within 30 days I would file.

THE COURT: Let me -- I am not signing a joint pretrial order until you're going to trial. So make your summary judgment motion. File your statement of undisputed

facts and we'll see what Mr. Messer disputes. I think bringing a pretrial order into it at this juncture is only going to confuse things.

MR. DESIDERIO: I'll file within 20 days.

THE COURT: So you'll file it within 20 days. Shall I give you a -- let me just give you a date then. If I give you a date at the end of February is that going to be too soon?

MR. DESIDERIO: Yes, that may be just a little bit rushed.

THE COURT: All right. Then it will probably be a date in the last week of March.

[Pause in proceedings.]

THE COURT: So I'll give you March 31st at 2:00 and -- so I would -- let's just back it up from that. So I'll direct you to file your motion by February 17th. Can you do that?

MR. DESIDERIO: Can I have just a few more days than that? I'm going away in the beginning of the month.

THE COURT: Okay. Sure. So why don't you file it by February 23rd.

MR. DESIDERIO: That would be fine.

THE COURT: Okay. And then -- and your response, Mr. Messer, by the 13th.

MR. MESSER: That would be fine.

THE COURT: Of March. And any reply by the 27th.

MR. DESIDERIO: Very good, Your Honor.

THE COURT: Well, actually, let's do a little -- let's make it the 23rd because that is, Mr. Messer, a little more time to look at it.

MR. MESSER: Okay.

THE COURT: Then I'll hear you on the 31st.

[Pause in proceedings.]

THE COURT: Was there some notion -- I'm assuming that this is just between Viki Devani and Mr. Desiderio.

MR. MESSER: That's correct.

THE COURT: Okay. So then we'll turn to Peter Devani's case, and the things that are pending in that case are 2004 exam motions, one of which is unopposed and that's against a third party and a company.

MR. DESIDERIO: It is.

THE COURT: Now, tell me something -- just tell me a little bit more about the company.

MR. DESIDERIO: We've actually received a response from counsel of that company who has produced licensing agreements signed by Mr. Devani. Mr. Devani had denied ever signing a licensing agreement at his 341 meeting with his company and had denied sponsoring a website for this company. We've now received documents --

THE COURT: So the company is marketing some product

distributed by Mr. Devani; is that the idea?

MR. DESIDERIO: Yes, they distributed products through licensees. Mr. Devani is a licensee of that company.

THE COURT: I see.

MR. DESIDERIO: We've actually received a response from the company already. We are determining whether it was sufficient. We may not need the subpoenas at this point.

THE COURT: Okay. So you want me to just adjourn that?

MR. DESIDERIO: If we could that would be great.

THE COURT: So then as far as the examination of Peter Devani is concerned, there was an objection based upon over breadth basically. So should we talk about that?

MR. DESIDERIO: We've asked for a period of six years which under New York we're entitled to go back six years for fraudulent conveyances.

THE COURT: Well, so what are you looking for here?

MR. DESIDERIO: The debtor's documentation. In his previous 2000 -- in his previous Chapter 7 case we went back six years and that was how we found the fraudulent conveyances to the son. If we had been limited to only three years at that point we wouldn't have been made aware of those fraudulent conveyances and we ask again that the six-year period be granted. That would be --

THE COURT: What type of -- you're seeking broad

based documentation of all types of financial records I guess.

MR. DESIDERIO: His bank accounts, the bank accounts of his various business, the financial statements and accounting records of those businesses, yes.

THE COURT: Credit card statements?

MR. DESIDERIO: Credit card statements.

THE COURT: Anything else?

MR. DESIDERIO: Give me a moment to look at my application.

THE COURT: Let me just find that.

[Pause in proceedings.]

MR. DESIDERIO: His bank statements, canceled checks, tax returns, his documentation of his business transactions and businesses.

THE COURT: So what's -- what's the objection to that then?

MR. KAMRAN: Your Honor, the only objection to Mr. Desiderio's application is to the over breadth.

THE COURT: In what respect do you consider it to be over broad?

MR. KAMRAN: The documents requested are for the past six years and it's everything possible.

THE COURT: But what do you -- how would you limit it? What would you -- what do you think we should -- how should it be limited? What's --

MR. KAMRAN: Just for the past three years.

THE COURT: But why?

MR. KAMRAN: Post -- pre-petition.

THE COURT: But what would be the basis for limiting it to three years? If the look back period for fraudulent conveyances is six years, what would be the basis for limiting it to three years?

MR. KAMRAN: Well, Mr. Desiderio hasn't shown any cause for the past six years. There were --

THE COURT: Well, does he -- well, does he have to show cause in order to obtain the right to do a 2004 exam and would not -- would the fact that fraudulent conveyances were uncovered during the six-year period in the prior bankruptcy be a reason to permit him to go back that far?

MR. KAMRAN: Those reasons could be seen as allowing him to go back the six years, yes, Your Honor. But the cost involved to the debtor to get those records, I mean it's not --

THE COURT: What cost are we talking about here?

MR. KAMRAN: Going to the bank, getting those bank statements. It's not -- he has to pay for them. Now, for the past three years I think that's much more reasonable, sit for the examination. If anything comes up I'm sure another request will come.

THE COURT: Well, the whole -- so you've made the --

the issue you've identified here is the cost of obtaining bank statements. Now, so Mr. Devani doesn't keep his own copies of his bank statements?

MR. KAMRAN: Some he does and some he doesn't. We're in the process of getting the trustee a lot of documents and Mr. Devani has to go to the bank to get those and if we had to go back further he would obviously have to go to the bank to get the more previous ones as well.

THE COURT: Okay. So Mr. Nisselson is only asked you to go back three years?

MR. KAMRAN: He's only asked for one year as far as I know except for tax returns.

THE COURT: Okay. So if the issue then is how you're going to -- I suppose the way that discovery works is that you only have to turn over what you have. So Mr. Desiderio could subpoena the banks and get the information directly from them if that's what he wants.

MR. KAMRAN: We would certainly have no issue with that.

THE COURT: Right. So then -- but that doesn't argue for limiting the scope of his examination. It just says that your response I guess would be if you don't have it you don't have it and I guess the risk you run is that he's going to say that you haven't maintained sufficient records from which to ascertain your business and financial affairs under 727.

So I'm not seeing anything in your argument that would suggest that I ought to deny or limit Mr. Desiderio's request. If you got -- if you have other things that you want to call to my attention that you feel are over broad you can talk about that.

MR. KAMRAN: No. Actually that was our -- our objection was based on the time frame.

THE COURT: And based -- and specifically because of the need to get bank records?

MR. KAMRAN: Bank records, the cleared checks, check registers, things of that nature.

THE COURT: But the check registers would not be something you get from the bank. He either has them or he doesn't have them.

MR. KAMRAN: Correct, Your Honor.

THE COURT: So that's not a problem I guess.

MR. KAMRAN: If he has them he has them. If Your Honor orders six years he'll give everything that he has to Mr. Desiderio.

MR. DESIDERIO: If I may just add one last thing, Your Honor. These documents going back six years were already subpoenaed from Mr. Devani in the state court action almost a year ago and Mr. Devani failed to produce a single document. He was ordered by the state court to produce all of those documents several times. He was held in contempt for failing

to comply with that subpoena and those orders and he was facing issuance of an arrest warrant by that judge for failing to comply prior to --

THE COURT: I don't think we're going to be doing discovery by arresting people in this court.

MR. DESIDERIO: No, Your Honor. I was merely indicating --

THE COURT: Don't be going down that path.

MR. DESIDERIO: I was merely indicating that Mr. Devani has known since February of last year that these are the documents we've wanted and he's been ordered by the state court to produce them. So he should have been assembling those long ago anyway. That's all -- that's the only reason I added that.

MR. KAMRAN: I just think that's irrelevant to this proceeding right now.

THE COURT: Well, if he already has the documents assembled then it would be -- it wouldn't be irrelevant.

MR. KAMRAN: If he did, yes, we'd just hand them over but I think the insinuation that he should already have them or does already have them I just take umbrage. That's all.

THE COURT: So are you suggesting that he simply -- what he didn't produce in state court he simply doesn't have?

MR. KAMRAN: I don't know what happened in the state court.

THE COURT: Okay.

MR. KAMRAN: But here he's going to give everything that he has.

THE COURT: Okay. All right. So I'm going to grant your motion unless -- why don't you settle your 2004 order on counsel so that he can make any comments that he may want to make about the form of it or the scope. Okay?

MR. KAMRAN: Thank you, Your Honor.

THE COURT: Do you have -- in terms of the service of the order, do you have -- you'll accept service of the subpoena?

MR. KAMRAN: We'll accept service, yes.

THE COURT: Okay.

MR. DESIDERIO: The subpoena also covered the spouse and the debtor's business that is -- that portion of my motion is not objected to. So I would ask that we be permitted to serve subpoenas on those entities, those persons by overnight mail.

THE COURT: Okay. Will you accept service -- can you accept service for those individuals, the debtor's spouse and for his business as well?

MR. KAMRAN: Can you give me one second?

THE COURT: Yes, sure.

MR. KAMRAN: Thank you.

[Pause in proceedings.]

THE COURT: Mr. Kamran, do you want to -- do you want me to take a brief recess so that you can talk to your client?

MR. KAMRAN: Would you mind, Your Honor?

THE COURT: No, I don't mind. But let me just say that --

MR. MESSER: Your Honor, may we be excused? This is the Peter Devani case, not the Viki Devani case.

THE COURT: You're excused.

MS. BLUMENFELD: Thank you, Your Honor.

THE CLERK: Don't we need a hearing date for one of the other motions or is that on the Peter Devani?

THE COURT: Yes, we don't have -- there are no other outstanding motions in the Peter Devani case; correct? You're withdrawing your discovery -- your motion to compel I suppose since it was already --

MR. MESSER: Yes, it's already been complied with.

THE COURT: Okay. But there's just one observation I would make. The business, Mr. Devani is the principal of the business; correct? Is that correct?

MR. DESIDERIO: They've indicated that the -- Mr. Devani's spouse is the majority owner of this business.

THE COURT: Okay. Let me just say that under Bankruptcy Rule, I think it's 9016, right, incorporates by reference Rule 45 from the Federal Rules of Civil Procedure which requires service in person, service by delivery unless

there's agreement otherwise. So I guess you could get a process server and hunt her down but that can't be pleasant for -- that can't be pleasant for your family. So I would think that it would be -- it would be better if you would agree to -- that -- well, I guess then the question is Mrs. Devani has to agree with that, doesn't she?

MR. KAMRAN: That's what we were just discussing.

THE COURT: Yes. Well, let's just put it this way. Why don't we -- why don't we leave it at this. I think you're going to -- I don't know -- I don't believe that unless you try and can't serve her under -- in accordance with Rule 45 that I have the ability to prescribe a different method of service. So I will grant your motion and presume -- and hopefully Mrs. Devani will see her way clear to consenting to service through counsel.

Will you be representing her in connection with the discovery?

MR. KAMRAN: I don't know, Your Honor. But when Mr. Desiderio settles the order in that time frame we'll get an answer regarding service and if we can agree on that and Mrs. Devani agrees that we can accept service can we add that to the --

THE COURT: Why don't we handle it that way, Mr. Desiderio.

MR. DESIDERIO: That's fine. All I know he's been

given service by overnight mail as being adequate under these circumstances.

THE COURT: I don't think it -- I looked at this just before I came out and I don't think under Rule 45 it is even though there are -- is service by mail under the bankruptcy code as far as service of process is concerned where if you're operating under Rule 45 I believe you have to -- you have to serve in accordance with Rule 45 and a court can prescribe other notice but only if you've tried and failed I think.

MR. DESIDERIO: Okay.

THE COURT: So probably we can just leave it at that.

MR. DESIDERIO: We'll try to work out service with opposing counsel. Otherwise we'll effect personal service.

THE COURT: So do I -- then I need to give you -- is there a -- this is a 7. Is there a status conference date on this? I guess there's no -- there's no pending adversaries so we don't need to give you another date.

MR. DESIDERIO: That's correct.

THE COURT: Okay. All right then. Thank you.

(Proceedings concluded at 3:53 p.m.)

I, Shari Riemer, certify that the foregoing is a true and correct transcript from an electronic sound recording of the proceedings in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 4th day of February, 2015

Shari Riemer, CET-805

# Keyword Index


## $

**$600,000** [3] **3:**18 **4:**5,18

## 1

**11040** [1] **2:**15
**11242** [2] **1:**33 **2:**5
**11530** [1] **2:**10
**12866** [1] **1:**39
**13** [1] **5:**22
**13th** [1] **10:**24
**15** [2] **1:**26 **6:**11
**17th** [1] **10:**16
**18** [1] **2:**14

## 2

**2:00** [1] **10:**14
**20** [3] **9:**21 **10:**4,5
**2000** [1] **12:**19
**2004** [4] **6:**25 **11:**14 **14:**11 **18:**5
**2015** [2] **1:**26 **21:**26
**211** [1] **1:**38
**2220** [1] **2:**4
**229** [1] **2:**9
**23rd** [2] **10:**21 **11:**4
**2400** [1] **1:**32
**26** [2] **1:**32 **2:**4
**27th** [1] **11:**1

## 3

**3:26** [1] **1:**26
**3:27** [1] **3:**1
**3:53** [1] **21:**20
**30** [3] **9:**13,17,22
**31** [1] **1:**22
**31st** [2] **10:**14 **11:**7
**341** [1] **11:**22

## 4

**45** [5] **19:**24 **20:**11 **21:**4,7,8
**4th** [2] **8:**11 **21:**26

## 5

**518-581-8973** [1] **1:**40

## 6

**600** [1] **2:**9

## 7

**7** [2] **12:**19 **21:**15
**727** [1] **15:**25

## 9

**9016** [1] **19:**23

## A

**ability** [1] **20:**12
**above-entitled** [1] **21:**23
**absolutely** [1] **8:**5
**accept** [5] **18:**10,12,19,20 **20:**21
**accomplished** [1] **5:**24
**accordance** [2] **20:**11 **21:**8
**accounting** [1] **13:**4
**accounts** [2] **13:**2,2
**action** [1] **16:**22
**actually** [6] **5:**19 **7:**11 **11:**3,19 **12:**5 **16:**6
**add** [2] **16:**20 **20:**21
**added** [2] **3:**16 **17:**14
**adequate** [1] **21:**1
**adjourn** [1] **12:**8
**admissions** [1] **8:**19
**adversaries** [1] **21:**16
**adversary** [2] **7:**17,20
**affairs** [1] **15:**25
**afternoon** [2] **3:**6,8
**ago** [3] **6:**11 **16:**23 **17:**13
**agree** [3] **20:**5,6,20
**agreement** [2] **11:**22 **20:**1
**agreements** [1] **11:**21
**agrees** [1] **20:**21
**allowing** [1] **14:**15
**almost** [1] **16:**22
**already** [7] **12:**6 **16:**21 **17:**17,20,21 **19:**15,16
**another** [3] **8:**2 **14:**23 **21:**17
**answer** [1] **20:**20
**anybody** [1] **6:**10
**anyway** [1] **17:**13
**apart** [1] **5:**15
**appearances** [3] **1:**28 **2:**1 **3:**3
**application** [2] **13:**9,18
**appreciate** [1] **8:**22
**april** [1] **8:**11
**argue** [1] **15:**20
**argument** [1] **16:**1
**around** [1] **3:**19
**arrest** [1] **17:**2
**arresting** [1] **17:**5
**ascertain** [1] **15:**25
**assembled** [1] **17:**18
**assembling** [1] **17:**12
**associates** [3] **2:**8,13 **3:**7
**assuming** [1] **11:**9
**attention** [1] **16:**4
**avenue** [1] **2:**14
**aware** [1] **12:**22
**away** [1] **10:**19

## B

**back** [10] **3:**14 **10:**15 **12:**15,19 **14:**5,14,16 **15:**7,10 **16:**21
**bank** [12] **13:**2,2,12 **14:**20,20 **15:**1,3,6,7 **16:**9,10,13
**bankruptcy** [4] **1:**25 **14:**13 **19:**23 **21:**5
**banks** [1] **15:**16
**based** [6] **4:**20,21 **12:**12 **13:**1 **16:**7,8
**basically** [1] **12:**13
**basis** [3] **4:**24 **14:**4,6
**bedford** [1] **2:**14
**began** [1] **3:**1
**beginning** [1] **10:**19
**believe** [3] **7:**17 **20:**10 **21:**7
**better** [1] **20:**4
**between** [2] **4:**11 **11:**10
**bharat** [1] **1:**10
**bit** [4] **5:**20 **6:**20 **10:**9 **11:**18
**blumenfeld** [2] **2:**3 **19:**9
**both** [1] **8:**4
**breadth** [2] **12:**13 **13:**18
**brief** [3] **6:**9,10 **19:**2
**bringing** [1] **10:**2
**broad** [3] **12:**25 **13:**20 **16:**4
**brooklyn** [3] **1:**27,33 **2:**5
**business** [9] **4:**22 **13:**3,13 **15:**25 **18:**15,21 **19:**18,19,21
**businesses** [2] **13:**4,14

## C

**call** [1] **16:**3
**calling** [1] **3:**2
**came** [2] **7:**7 **21:**4
**canceled** [1] **13:**12
**card** [2] **13:**5,6
**carla** [1] **1:**24
**case** [16] **1:**22 **5:**11,22 **6:**19 **7:**2,6,24 **8:**1,2,9 **11:**13,13 **12:**19 **19:**7,7,13
**cases** [2] **3:**2 **7:**15
**cause** [2] **14:**9,11
**certainly** [2] **8:**18 **15:**18
**cet-805** [1] **21:**27
**chance** [2] **8:**21 **9:**6
**changes** [1] **8:**23
**chapter** [2] **5:**22 **12:**19
**check** [2] **16:**10,12
**checks** [2] **13:**12 **16:**10
**circumstances** [1] **21:**2
**city** [2] **2:**10,15
**civil** [1] **19:**24
**claim** [1] **5:**4
**clear** [1] **20:**14
**cleared** [1] **16:**10
**clerk** [2] **3:**2 **19:**10
**client** [1] **19:**2
**code** [1] **21:**6
**come** [1] **14:**24
**comes** [1] **14:**23
**comments** [1] **18:**6
**company** [8] **11:**15,18,20,23,23,25 **12:**3,6
**compel** [1] **19:**14
**complete** [1] **7:**1
**completed** [2] **7:**3 **9:**15
**completion** [1] **6:**19

# Keyword Index

**complied** [1] **19:**16
**comply** [2] **17:**1,3
**concerned** [2] **12:**12 **21:**6
**concluded** [1] **21:**20
**conference** [2] **21:**15,25
**conformance** [1] **21:**24
**confuse** [1] **10:**3
**connection** [3] **8:**13,24 **20:**16
**consenting** [1] **20:**14
**consider** [1] **13:**19
**considered** [2] **5:**21,25
**contempt** [1] **16:**25
**continued** [1] **2:**1
**converting** [1] **5:**21
**conveyances** [7] **3:**24 **4:**14 **12:**16,20,23 **14:**6,12
**copies** [1] **15:**2
**correct** [12] **3:**22 **4:**2,2 **5:**5 **8:**5 **11:**11 **16:**15 **19:**13,19,19 **21:**18,22
**cost** [3] **14:**16,19 **15:**1
**counsel** [7] **5:**7 **6:**6 **8:**11 **11:**20 **18:**6 **20:**15 **21:**13
**country** [1] **2:**9
**couple** [1] **9:**20
**course** [1] **5:**13
**court** [100] **1:**32 **2:**4 **3:**12,21,25 **4:**3,6,8,10,16,19,23 **5:**3,6,13 **6:**2,5,8,18,22 **7:**3,5,9,10,13,14,19,25 **8:**6,12,20,23 **9:**2,11,14,17,23 **10:**5,11,14,20,23 **11:**1,3,7,9,12,17,25 **12:**4,8,11,17,25 **13:**5,7,10,15,19,23 **14:**2,4,10,19,25 **15:**9,13,20 **16:**8,12,16,22,24 **17:**4,5,8,12,17,22,23,25 **18:**1,4,9,13,19,23 **19:**1,4,8,12,17,22 **20:**8,23 **21:**3,8,11,14,19
**covered** [1] **18:**14
**craig** [1] **1:**24
**credit** [2] **13:**5,6
**creditor** [2] **2:**11 **3:**4

## D

**d&f** [1] **2:**13
**date** [8] **9:**3,17 **10:**6,7,12 **19:**10 **21:**15,17
**dated** [1] **21:**26
**day** [1] **21:**26
**days** [10] **9:**9,13,13,17,19,21,22 **10:**4,5,18
**debt** [4] **3:**17,17,21 **5:**22
**debtor** [6] **1:**5,12 **3:**7,9 **5:**3 **14:**17
**debtor/peter** [1] **2:**6
**debtor/viki** [2] **1:**29 **2:**2
**debtor's** [3] **12:**18 **18:**15,20
**decided** [1] **5:**9
**default** [1] **4:**21
**delivery** [1] **19:**25
**denied** [2] **11:**21,23
**deny** [1] **16:**2
**desiderio** [60] **1:**14 **2:**12 **3:**4,4,5,16,23 **4:**2,5,7,9,13,18,21 **5:**2,5 **6:**14 **7:**1,4,7,11,16 **8:**8,10,17 **9:**1,9,13,19 **10:**4,9,18,22 **11:**2,10,16,19 **12:**2,5,10,14,18 **13:**2,6,8,12 **14:**8 **15:**15 **16:**19,20 **17:**6,9 **18:**14 **19:**20 **20:**19,24,25 **21:**10,12,18
**desiderio's** [3] **6:**24 **13:**18 **16:**2
**determining** [1] **12:**6
**devani** [43] **1:**4,10,20,29 **2:**2,6 **3:**2,7,9,11,22 **4:**4,11,11,14,17 **5:**3,11 **6:**5,16,25 **7:**2,17 **8:**8 **11:**10,21,21 **12:**1,3,12 **15:**2,6 **16:**22,23 **17:**10 **19:**7,7,11,13,18 **20:**6,14,21
**devani's** [5] **3:**16 **5:**22 **7:**18 **11:**13 **19:**21
**different** [1] **20:**12
**dime** [1] **6:**1
**direct** [1] **10:**16
**directions** [1] **3:**19
**directly** [1] **15:**16
**dischargeability** [1] **5:**4
**discharged** [1] **4:**25
**discovery** [8] **6:**19,24 **7:**1 **9:**15 **15:**14 **17:**5 **19:**14 **20:**17
**discrete** [1] **5:**8
**discussing** [1] **20:**7
**discussion** [5] **3:**17 **5:**18,19 **6:**10,11
**discussions** [1] **5:**12
**dismiss** [1] **1:**22
**disputes** [1] **10:**1
**distributed** [2] **12:**1,2
**doable** [2] **5:**20 **6:**15
**docket** [1] **5:**7
**document** [1] **16:**23
**documentation** [3] **12:**18 **13:**1,13
**documents** [7] **11:**24 **13:**21 **15:**5 **16:**21,25 **17:**11,17
**doing** [1] **17:**4
**down** [2] **17:**8 **20:**2
**during** [1] **14:**13

## E

**easier** [1] **5:**10
**effect** [2] **8:**4 **21:**13
**either** [1] **16:**13
**electronic** [2] **1:**34 **21:**22
**end** [1] **10:**7
**entire** [1] **3:**17
**entities** [1] **18:**17
**entitled** [1] **12:**15
**esq** [4] **1:**30 **2:**3,7,12
**even** [2] **3:**18 **21:**4
**everybody's** [1] **7:**24
**everything** [3] **13:**22 **16:**18 **18:**2
**exam** [2] **11:**14 **14:**11
**examination** [3] **12:**11 **14:**23 **15:**21
**exams** [1] **6:**25
**except** [2] **7:**25 **15:**12
**excess** [2] **4:**5,18
**excuse** [1] **3:**25
**excused** [2] **19:**6,8
**extend** [1] **1:**23
**extremely** [1] **6:**12

## F

**facilitate** [2] **8:**18 **9:**4
**facing** [1] **17:**2
**fact** [1] **14:**12
**facts** [1] **10:**1
**failed** [2] **16:**23 **21:**9
**failing** [2] **16:**25 **17:**2
**family** [1] **20:**3
**far** [6] **3:**20 **5:**15 **12:**11 **14:**14 **15:**11 **21:**6
**fashion** [1] **5:**14
**feasibility** [1] **5:**23
**february** [5] **10:**7,16,21 **17:**10 **21:**26
**federal** [1] **19:**24
**feel** [1] **16:**4
**few** [1] **10:**18
**file** [7] **9:**11,22,25 **10:**4,5,16,20
**filed** [1] **7:**9
**financial** [3] **13:**1,3 **15:**25
**find** [1] **13:**10
**fine** [3] **10:**22,25 **20:**25
**first** [1] **3:**19
**focus** [1] **6:**20
**focusing** [1] **8:**2
**foregoing** [1] **21:**21
**form** [1] **18:**7
**format** [1] **21:**24
**found** [1] **12:**20
**frame** [2] **16:**7 **20:**19
**fraudulent** [7] **3:**23 **4:**14 **12:**16,20,23 **14:**5,12
**front** [1] **6:**4
**further** [2] **7:**18 **15:**7

## G

**garden** [2] **2:**10,15
**general** [1] **5:**14
**getting** [2] **14:**20 **15:**5
**give** [12] **8:**20 **9:**3 **10:**6,6,6,14 **13:**8 **16:**18 **18:**2,22 **21:**14,17
**given** [1] **21:**1
**got** [1] **16:**3

# Keyword Index


**grant** [2] **18:**4 **20:**13
**granted** [1] **12:**24
**great** [1] **12:**10
**gregory** [3] **1:**30,31 **3:**8
**guess** [9] **4:**23 **6:**23 **13:**1 **15:**22,23 **16:**16 **20:**1,5 **21:** 16

## H

**hand** [1] **17:**19
**handle** [3] **7:**14,21 **20:**23
**happened** [1] **17:**24
**heading** [1] **3:**19
**hear** [1] **11:**7
**hearing** [2] **9:**17 **19:**10
**held** [1] **16:**25
**he'll** [1] **16:**18
**hold** [3] **5:**19 **6:**10,13
**honor** [22] **3:**6,8,10,16 **6:**3, 21 **7:**8 **8:**5,22 **9:**21 **11:**2 **13:** 17 **14:**16 **16:**15,18,21 **17:**6 **18:**8 **19:**3,6,9 **20:**18
**honorable** [1] **1:**24
**hopefully** [1] **20:**14
**hoping** [1] **7:**8
**hunt** [1] **20:**2

## I

**idea** [1] **12:**1
**identified** [1] **15:**1
**ify** [1] **21:**21
**immediately** [1] **6:**16
**incorporates** [1] **19:**23
**indicated** [1] **19:**20
**indicating** [2] **17:**7,9
**individuals** [1] **18:**20
**information** [1] **15:**16
**insinuation** [1] **17:**20
**insurmountable** [2] **5:**15, 18
**involved** [2] **6:**3 **14:**17
**involving** [1] **4:**22
**irrelevant** [2] **17:**15,18
**issuance** [1] **17:**2
**issue** [7] **4:**25 **5:**1,9,23 **15:** 1,13,18

## J

**january** [1] **1:**26
**john** [4] **1:**14 **2:**12 **3:**4,4
**joint** [9] **7:**8 **8:**7,10,13,17, 18,24 **9:**20,23
**jr** [1] **4:**12
**judge** [3] **1:**25 **6:**4 **17:**2
**judgment** [7] **4:**1 **7:**12 **8:**1, 14,14 **9:**3,25
**judgments** [6] **4:**7,8,11,15, 17,19
**judicial** [1] **21:**25
**juncture** [1] **10:**2

## K

**kamran** [36] **2:**7 **3:**6,7,10 **6:** 3,7,9,21 **7:**17,20 **13:**17,21 **14:**1,3,8,15,20 **15:**4,11,18 **16:**6,10,15,17 **17:**15,19,24 **18:**2,8,12,22,24 **19:**1,3 **20:** 7,18
**keep** [1] **15:**2
**known** [1] **17:**10

## L

**last** [5] **3:**17,18 **10:**12 **16:**20 **17:**10
**law** [1] **1:**31
**leave** [2] **20:**9 **21:**11
**less** [1] **3:**18
**lester** [3] **2:**8 **3:**7 **6:**7
**licensee** [1] **12:**3
**licensees** [1] **12:**3
**licensing** [2] **11:**20,22
**limit** [2] **13:**23 **16:**2
**limited** [2] **12:**21 **13:**25
**limiting** [3] **14:**4,6 **15:**21
**little** [6] **5:**20 **6:**20 **10:**9 **11:** 3,4,18
**llp** [1] **2:**13
**long** [1] **17:**13
**look** [7] **8:**21 **9:**6,8,10 **11:**5 **13:**8 **14:**5
**looked** [1] **21:**3
**looking** [1] **12:**17
**lot** [1] **15:**5

## M

**made** [5] **8:**1,3,19 **12:**22 **14:** 25
**mail** [3] **18:**18 **21:**1,5
**maintained** [1] **15:**24
**majority** [1] **19:**21
**march** [3] **10:**12,14 **11:**1
**marketing** [1] **11:**25
**matter** [1] **21:**23
**mean** [1] **14:**17
**meant** [1] **4:**1
**mediation** [3] **3:**13,15 **6:**4
**meeting** [1] **11:**22
**merely** [2] **17:**6,9
**messer** [22] **1:**30,31 **3:**8,9 **5:**11,14 **7:**21 **8:**5,20,22 **9:**6, 8,14,16 **10:**1,24,25 **11:**4,6, 11 **19:**6,16
**method** [1] **20:**12
**might** [1] **6:**20
**milton** [1] **1:**38
**mind** [2] **19:**3,4
**minds** [1] **6:**20
**minutes** [1] **6:**11
**moment** [1] **13:**8
**month** [1] **10:**19
**most** [1] **5:**14
**motion** [16] **1:**22,22,23 **7:** 12 **8:**1,3,14,15 **9:**4,12,25 **10:**16 **18:**5,15 **19:**14 **20:**13
**motions** [6] **6:**23,24,25 **11:** 14 **19:**11,13
**move** [1] **5:**10
**moving** [1] **8:**2
**ms** [1] **19:**9
**much** [2] **7:**18 **14:**22
**myself** [1] **8:**11

## N

**nature** [1] **16:**11
**need** [7] **3:**14 **8:**13 **12:**7 **16:** 9 **19:**10 **21:**14,17
**new** [7] **1:**27,33,39 **2:**5,10, 15 **12:**15
**next** [1] **9:**9
**nisselson** [1] **15:**9
**non** [1] **5:**4
**note** [3] **3:**22 **4:**6,22
**notice** [1] **21:**9
**notion** [1] **11:**9

## O

**objected** [1] **18:**16
**objection** [4] **12:**12 **13:**15, 17 **16:**7
**obligation** [2] **3:**21 **4:**3
**observation** [1] **19:**17
**obtain** [1] **14:**11
**obtaining** [1] **15:**1
**obviously** [1] **15:**7
**offer** [2] **3:**18 **6:**13
**office** [1] **6:**9
**offices** [1] **1:**31
**okay** [25] **4:**16,19,23 **7:**5,10, 13,19 **9:**11,14 **10:**20,23 **11:** 6,12 **12:**8 **15:**9,13 **18:**1,4,7, 13,19 **19:**17,22 **21:**10,19
**old** [1] **2:**9
**one** [9] **5:**18 **8:**1,4 **11:**14 **15:** 11 **16:**20 **18:**22 **19:**10,17
**ones** [1] **15:**8
**only** [9] **7:**7 **10:**2 **12:**21 **13:** 17 **15:**9,11,15 **17:**13 **21:**9
**operating** [1] **21:**7
**opposing** [1] **21:**13
**opposite** [1] **3:**19
**optimism** [1] **5:**20
**options** [1] **6:**1
**order** [13] **7:**8 **8:**8,10,13,18 **9:**5,20,24 **10:**2 **14:**11 **18:**5, 10 **20:**19
**ordered** [2] **16:**24 **17:**11
**orders** [3] **8:**24 **16:**18 **17:**1
**other** [4] **16:**3 **19:**11,12 **21:** 9
**otherwise** [2] **20:**1 **21:**13
**ought** [1] **16:**2
**out** [4] **5:**22 **9:**17 **21:**4,12
**outstanding** [1] **19:**13
**over** [9] **3:**18 **5:**22 **8:**21 **12:**

# Keyword Index

13 **13:**18,20 **15:**15 **16:**4 **17:**19
**overlap** [1] **4:**10
**overnight** [2] **18:**17 **21:**1
**own** [1] **15:**2
**owner** [1] **19:**21

## P

**p.c** [1] **2:**8
**p.m** [3] **1:**26 **3:**1 **21:**20
**page** [1] **21:**24
**parties** [2] **6:**20 **8:**3
**party** [1] **11:**15
**past** [4] **13:**21 **14:**1,9,22
**path** [1] **17:**8
**pathway** [1] **6:**19
**pause** [4] **10:**13 **11:**8 **13:**11 **18:**25
**pay** [1] **14:**21
**paying** [1] **5:**22
**payments** [1] **4:**14
**pending** [3] **6:**23 **11:**13 **21:**16
**people** [1] **17:**5
**period** [4] **12:**14,24 **14:**5,13
**permit** [1] **14:**14
**permitted** [1] **18:**16
**person** [1] **19:**25
**personal** [1] **21:**13
**persons** [1] **18:**17
**peter** [11] **2:**7 **3:**6,7,10 **6:**5 **7:**18 **11:**12 **12:**12 **19:**7,11,13
**plaintiff** [1] **1:**16
**plan** [1] **3:**13
**pleasant** [2] **20:**2,3
**please** [1] **3:**3
**pllc** [1] **1:**31
**point** [5] **3:**12 **7:**5,12 **12:**7,22
**portion** [1] **18:**15
**position** [1] **3:**14
**possibility** [2] **5:**21,25
**possible** [1] **13:**22
**post** [1] **14:**3
**pre-petition** [1] **14:**3
**prescribe** [2] **20:**12 **21:**8
**pressure** [1] **9:**10
**presume** [1] **20:**13
**pretrial** [10] **7:**8 **8:**7,10,13,18,24 **9:**5,20,24 **10:**2
**previous** [3] **12:**19,19 **15:**8
**previously** [1] **7:**9
**principal** [1] **19:**18
**prior** [3] **8:**11 **14:**13 **17:**3
**probably** [5] **7:**21 **8:**4,20 **10:**11 **21:**11
**problem** [1] **16:**16
**procedure** [1] **19:**24
**proceed** [1] **7:**11
**proceeding** [3] **7:**18,20 **17:**16
**proceedings** [8] **1:**34 **3:**1 **10:**13 **11:**8 **13:**11 **18:**25 **21:**20,23
**process** [3] **15:**5 **20:**2 **21:**6
**processing** [1] **1:**37
**produce** [4] **16:**23,24 **17:**12,23
**produced** [2] **1:**35 **11:**20
**product** [1] **11:**25
**products** [1] **12:**2
**promise** [1] **4:**21
**promising** [2] **6:**12,14
**promissory** [1] **4:**22
**prompt** [1] **6:**20
**pursuant** [4] **3:**22,23 **4:**1,6
**put** [3] **3:**14 **8:**15 **20:**8
**putting** [1] **6:**19

## Q

**question** [2] **4:**24 **20:**5

## R

**rachel** [1] **2:**3
**rather** [1] **3:**25
**re** [2] **1:**2,8
**ready** [1] **7:**6
**reason** [2] **14:**14 **17:**13
**reasonable** [2] **6:**12 **14:**22
**reasons** [1] **14:**15
**received** [3] **11:**19,24 **12:**5
**recess** [1] **19:**2
**recorded** [1] **1:**34
**recording** [2] **1:**34 **21:**22
**records** [6] **13:**1,4 **14:**17 **15:**24 **16:**9,10
**reduce** [1] **4:**15
**reference** [1] **19:**24
**regarding** [2] **6:**16 **20:**20
**registers** [2] **16:**11,12
**regulations** [1] **21:**24
**reply** [1] **11:**1
**represented** [1] **6:**6
**representing** [1] **20:**16
**request** [2] **14:**24 **16:**2
**requested** [1] **13:**21
**requires** [1] **19:**25
**resolution** [4] **5:**10 **7:**22,23,23
**resolving** [1] **8:**3
**respect** [2] **6:**24 **13:**19
**response** [4] **10:**23 **11:**19 **12:**5 **15:**22
**returns** [2] **13:**13 **15:**12
**review** [3] **9:**6,20,21
**riemer** [2] **1:**36 **21:**27
**risk** [1] **15:**23
**road** [2] **1:**38 **2:**9
**rule** [6] **19:**23,24 **20:**11 **21:**4,7,8
**rules** [1] **19:**24
**run** [1] **15:**23
**rushed** [1] **10:**10

## S

**sale** [1] **4:**22
**sanctions** [1] **1:**23
**saratoga** [1] **1:**39
**saying** [1] **9:**18
**says** [1] **15:**21
**schedule** [1] **8:**15
**scope** [2] **15:**21 **18:**7
**second** [1] **18:**22
**see** [7] **6:**8,21 **8:**6,21 **10:**1 **12:**4 **20:**14
**seeing** [1] **16:**1
**seeking** [1] **12:**25
**seemed** [3] **6:**11,12,14
**seen** [1] **14:**15
**sense** [2] **7:**14,21
**serve** [3] **18:**17 **20:**11 **21:**8
**server** [1] **20:**2
**service** [18] **1:**35,37 **18:**9,10,12,19,20 **19:**25,25 **20:**13,15,20,21 **21:**1,5,6,12,13
**session** [1] **6:**4
**settle** [1] **18:**5
**settlement** [2] **5:**12 **6:**15
**settles** [1] **20:**19
**several** [1] **16:**25
**shall** [1] **10:**5
**shari** [2] **1:**36 **21:**27
**show** [1] **14:**11
**shown** [1] **14:**8
**sign** [3] **7:**8 **9:**5,21
**signed** [3] **8:**7,7 **11:**21
**signing** [2] **9:**23 **11:**22
**simply** [2] **17:**22,23
**since** [2] **17:**10 **19:**15
**single** [1] **16:**23
**sit** [1] **14:**22
**six** [9] **12:**14,15,20 **13:**22 **14:**6,9,16 **16:**18,21
**six-year** [2] **12:**23 **14:**13
**son** [1] **12:**21
**soon** [1] **10:**8
**sorry** [1] **8:**17
**sort** [1] **5:**25
**sound** [2] **1:**34 **21:**22
**specifically** [1] **16:**8
**spoken** [1] **6:**15
**sponsoring** [1] **11:**23
**spouse** [3] **18:**14,20 **19:**21
**springs** [1] **1:**39
**sr** [4] **3:**5 **4:**4,11,17
**sr.'s** [1] **5:**3
**state** [5] **16:**22,24 **17:**11,23,24
**statement** [1] **9:**25
**statements** [7] **13:**3,5,6,12 **14:**21 **15:**2,3

# Keyword Index


**states** [2] **1:**25 **21:**25
**status** [1] **21:**15
**still** [1] **5:**20
**street** [2] **1:**32 **2:**4
**subject** [1] **5:**4
**submitted** [2] **8:**8,11
**subpoena** [4] **15:**16 **17:**1 **18:**11,14
**subpoenaed** [1] **16:**22
**subpoenas** [2] **12:**7 **18:**17
**successful** [1] **3:**13
**sufficient** [2] **12:**7 **15:**24
**suggest** [1] **16:**2
**suggesting** [3] **5:**16,17 **17:**22
**suggestions** [1] **5:**8
**suite** [3] **1:**32 **2:**4,9
**summary** [6] **7:**12 **8:**1,13, 14 **9:**3,25
**suppose** [3] **5:**1 **15:**14 **19:** 14

## T

**tandem** [2] **7:**15,22
**tax** [2] **13:**13 **15:**12
**ten** [3] **9:**9,13,19
**terms** [2] **8:**2 **18:**9
**terribly** [1] **5:**15
**there's** [12] **3:**21,25 **4:**24, 24 **7:**20,25 **8:**10,16 **19:**17 **20:**1 **21:**16,16
**they've** [1] **19:**20
**third** [1] **11:**15
**though** [1] **21:**5
**three** [6] **12:**21 **14:**1,5,7,22 **15:**10
**thursday** [1] **1:**26
**today** [2] **5:**18 **7:**7
**total** [2] **4:**15,16
**toward** [4] **5:**10 **6:**14,19 **8:** 2
**transactions** [1] **13:**13
**transcript** [4] **1:**22,35 **21:** 22,24
**transcription** [1] **1:**35
**trial** [2] **7:**6 **9:**24
**trials** [1] **8:**24
**tried** [1] **21:**9
**true** [2] **7:**25 **21:**21
**trust** [1] **6:**4
**trustee** [1] **15:**5
**try** [2] **20:**11 **21:**12
**turn** [2] **11:**12 **15:**15
**two** [2] **5:**25 **7:**14
**type** [2] **5:**4 **12:**25
**types** [1] **13:**1
**typewrite** [1] **1:**37
**typically** [1] **8:**25

## U

**umbrage** [1] **17:**21
**uncovered** [1] **14:**13
**under** [9] **9:**10 **12:**15 **15:**25 **19:**22 **20:**11 **21:**1,4,5,7
**understand** [1] **9:**1
**undisputed** [1] **9:**25
**unfair** [1] **5:**17
**united** [2] **1:**25 **21:**25
**unless** [3] **18:**5 **19:**25 **20:** 10
**unopposed** [1] **11:**14
**unreasonable** [2] **5:**16, 19
**until** [1] **9:**24
**up** [3] **3:**17 **10:**15 **14:**23

## V

**various** [1] **13:**3
**view** [1] **7:**5
**viki** [13] **1:**4,20 **3:**9,22 **4:**14 **5:**11,21 **6:**24 **7:**2,17 **8:**8 **11:** 10 **19:**7

## W

**wanted** [1] **17:**11
**wants** [2] **8:**21 **15:**17
**warrant** [1] **17:**2
**way** [5] **5:**9 **15:**14 **20:**8,14, 23
**website** [1] **11:**23
**week** [1] **10:**12
**whatever** [1] **3:**14
**whether** [4] **4:**24 **5:**2,3 **12:** 6
**whole** [1] **14:**25
**will** [9] **5:**23 **6:**16 **9:**5 **10:**11 **14:**24 **18:**19 **20:**13,14,16
**withdrawing** [1] **19:**14
**within** [4] **9:**9,22 **10:**4,5
**word** [1] **1:**37
**work** [1] **21:**12
**works** [1] **15:**14

## Y

**year** [3] **15:**11 **16:**23 **17:**10
**years** [15] **12:**15,15,20,21 **13:**22 **14:**1,5,6,7,9,16,22 **15:**10 **16:**18,21
**york** [7] **1:**27,33,39 **2:**5,10, 15 **12:**15