UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
Lead Case No. 13-15106-cec; Adv. Proc. No. 14-01025-cec
- - - - - - - - - - - - - - - - - - - - - -x
In the Matters of:

VIKI DEVANI,
Debtor.
- - - - - - - - - - - - - - - - - - - - - -x
JOHN S. DESIDERIO,
Plaintiff,
v.
VIKI DEVANI,
Defendant.
- - - - - - - - - - - - - - - - - - - - - -x
United States Bankruptcy Court
271-C Cadman Plaza East
Brooklyn, NY 11201

September 3, 2015
10:29 AM

B E F O R E:
HON. CARLA E. CRAIG
U.S. BANKRUPTCY JUDGE

2:00 PM 1-13-15106-cec Viki Devani
Ch 7

HEARING re: [45] Motion to Seal Document(s) (RE: related document(s) [44] Motion to Withdraw as Attorney)

HEARING re: [44] Motion to Withdraw as Attorney)

2:00 PM 1-14-01025-cec Desiderio v. Devani
1-13-15106-cec Viki Devani
Ch 7

HEARING re: [7] Cross-Motion to Compel and Opposition to Motion to Withdraw and Motion to Seal

Transcribed by: Lisa Beck

A P P E A R A N C E S :

SOBERS LAW, PLLC
Attorneys for Debtor Defendant
11 Broadway
Suite 615
New York, NY 10004

BY: VIVIAN SOBERS, ESQ.

VIKI DEVANI, DEBTOR
Pro Se Debtor Defendant
78-32 266 Street
Floral Park, NY 11004

BY: VIKI DEVANI, PRO SE

LAW OFFICE OF JOHN S. DESIDERIO
Attorney for Plaintiff, John Desiderio
50 Gerard Street
Suite 100A
Huntington, NY 11743

BY: JOHN S. DESIDERIO, ESQ.

P R O C E E D I N G S

THE CLERK: Calling the Viki Devani case, number 32, 33 and 34 on the calendar.

Appearances, please?

MS. SOBERS: Vivian Sobers of Sobers Law on behalf of Viki Devani.

MR. DESIDERIO: John Desiderio on behalf of plaintiff and cross-movant, John Desiderio, Sr.

THE CLERK: Sir, state your name for the record, please.

MR. DEVANI: Your Honor, my name is Viki Devani.

THE COURT: And who else is in the courtroom, please?

UNIDENTIFIED SPEAKER: His father (indiscernible).

THE COURT: Sorry?

UNIDENTIFIED SPEAKER: His father.

THE COURT: All right. Let's take the application -- counsel's application to withdraw first. So I'm going to ask Mr. Devani, Viki Devani, do you still want to continue with this attorney or do you want to switch to a different attorney?

UNIDENTIFIED SPEAKER: We don't want --

THE COURT: Excuse me. Who -- no. I -- who -- why are you speaking?

UNIDENTIFIED SPEAKER: Oh, I'm sorry.

THE COURT: Please be seated and don't say anything.

Go ahead.

MR. DEVANI: Okay. Well, presently, I mean, we don't have an issue with it but my attorney doesn't want to continue because she feels that she can't do anything for me.

THE COURT: Okay. So do you want to continue with her or do you want to find somebody else to represent you?

MR. DEVANI: I guess in a situation where she doesn't want to -- she doesn't feel comfortable representing me, I should find someone else because ultimately that wouldn't benefit me if she represents me and she doesn't want to be there.

THE COURT: Okay. So you have no objection to her withdrawing, is that correct?

MR. DEVANI: That's correct.

THE COURT: Okay. Are you going to find another attorney?

MR. DEVANI: I will need time for that because of the extent that this case spans and the voluminous documents that are related to this case. Every lawyer that I've spoken to thus far asks me for arms and legs. And, you know, my reason for filing bankruptcy is because I don't have funds.

THE COURT: Okay. I am not going to be able to give you a lot of time. So you have to bear that in mind and decide -- and if you don't come up with a lawyer then you're going to have to represent yourself. So think about that before you consent to her leaving.

MR. DEVANI: Would it be possible for me to hire co-counsel then?

THE COURT: Co -- hire co-counsel?

MR. DEVANI: Correct.

THE COURT: What do you mean?

MR. DEVANI: Because obviously, she doesn't want to represent me so I don't feel that her representing me would be beneficial to me in the long run.

THE COURT: What I'm saying -- okay. You can hire another lawyer, for sure.

MR. DEVANI: Okay.

THE COURT: But if you can't find somebody else --

MR. DEVANI: Okay.

THE COURT: -- then this case is still going to go on and you won't have a lawyer at that point and you'll be represented -- you won't be represented by her because if I agree to permit her to withdraw then she's not your lawyer anymore.

MR. DEVANI: I understand.

THE COURT: And the case will still be here and you'll still have to go forward and you'll have to handle this yourself.

MR. DEVANI: Obviously, without any legal (indiscernible), obviously, I can't -- I can't --

THE COURT: Well, that's what I'm saying.

MR. DEVANI: Yeah. Obviously, I need some time because, like I said --

THE COURT: Of course, this case -- this motion was filed about a month ago, wasn't it?

MR. DEVANI: Yeah.

THE COURT: So you've had some time.

MR. DEVANI: I have been speaking to lawyers but, you know -- see, I mean, that kind of confirms me a bit. I don't understand the process here because my filing for bankruptcy is because that -- is because to show that I do not have funds, yet I'm put in a situation where I have to find funds to --

THE COURT: Well, see, the problem is that this creditor takes the position your bankruptcy filing wasn't in good faith and that you shouldn't get a discharge.

MR. DEVANI: Well, my answer to that is that initially, when this whole issue transpired, the plaintiff's attorney sued me and, because I did not have funds at that point in time, my lawyer suggested -- not her, different lawyer -- suggested that we settle. And, you know -- 'cause we didn't have funds to go into trial. So we decided to settle. And we worked out an agreement, a payment plan, whereby we -- I think gave some type lump sum payment and then be paid over two years a monthly installment. And then at the end of two years, there was another lump sum deal. But due to a financial obstacle that came in the way, we were out of funds and so we

asked the Court to grant us an extra period of time to come up with the funds which the Court did, but the plaintiff's attorney disagreed to take that money once we were able to obtain it. So, ultimately, the plaintiff's attorney just wants to collect the judgment amount.

THE COURT: Right. But -- I understand that. But -- I mean, I remember reading this in the papers. But the point of the matter is that you're here in bankruptcy court and you're going to have to deal with Mr. Desiderio with an attorney or without an attorney. And there's no way around that.

MR. DEVANI: I agree. But when you said you'll be able to allocate me some time, how much time.

THE COURT: Not very much time. Maybe 30 days. If you were willing to work with and cooperate with counsel here, she might be prepared to represent you.

MR. DEVANI: In all honesty, I'm willing to work with Ms. Sobers here. It's just that, you know, she felt that she was having poor relations with my father who is --

THE COURT: Okay. Maybe your father should stay out of this.

MR. DEVANI: Normally because it all emanates from his situation ultimately, this case, because I -- you know, ultimately, the plaintiff's attorney roped me in as well so it ultimately emanates from my father's side. So obviously, he

has more insight. I was still a youngster when all this happened. I mean, I was an adult but still a college going student when all this started. So my ultimate aim was just to help out my father. So I wasn't exactly a business connoisseur by any means. I was just trying to help my father. And so now I'm in this situation. But ultimately, I'm kind of confused as to what to do, how to proceed, 'cause, you know, I mean, I don't have any issues with her but presently, what has been going on is that Ms. Sobers has been persistent with settling but the terms are completely disagreeable to myself and to my family. I mean, I don't have funds right now. I'm still 30 years old. I don't have funds like that.

THE COURT: Right.

MR. DEVANI: And so, she's been very adamant to settle under disagreeable terms. And I feel that if she's truly representing me, how can she be so willing for me to accept those terms.

THE COURT: Uh-huh.

MR. DEVANI: So, you know, I understand your position. This case must proceed. But --

THE COURT: I mean, ultimately, what may happen is you may not get a discharge. That is what could happen at the end of the day in which case you're still liable for the amounts that are owed.

MR. DEVANI: I agree. But that's the point. That's

the reason why I'm in bankruptcy because I should be liable but I don't have the funds.

THE COURT: But it may turn out that -- it may, at the end of the day, be determined that you're not entitled to a discharge. That's the contention that this creditor makes. And if I agree with that and then you won't receive a discharge.

MR. DEVANI: Of course. But I feel that we have enough basis for us to win this bankruptcy because ultimately, I did not do anything wrong here. I do not have funds. So I feel that if I find the right attorney --

THE COURT: The fact that a person doesn't have funds doesn't mean that they -- you know, that's not the end of the day.

MR. DEVANI: I take that back. But ultimately, you know, without having -- you know, I also am not responsible. The way he's suggesting is that I was completely responsible for what has happened here. I was very naïve when all this happened. I was just trying to help my father out as any son would. And so, he's trying to suggest that I was a mastermind trying to be evasive of every detail, and which is not the case. But so, I feel that if I find the right attorney to understand my situation then I have a chance of succeeding.

THE COURT: Well, Ms. Sobers, is there any circumstance under which you would be able to continue this?

Would there be any change in the way that the debtor is approaching this case that would change your views?

MS. SOBERS: Unfortunately not, Your Honor. I mean --

THE COURT: Why is that?

MS. SOBERS: Some of what he's describing as far as that he wasn't at fault has been part of the contentious and hostile environment that we've had because I've broken down the law for him. I've explained to him what he's facing. As far as the settlement negotiations, I went back and forth with creditor for several times --

THE COURT: Yeah. But I -- you know, don't get into -- before we go any further, I'm just going to say, please don't talk about the substance of settlement negotiations.

MS. SOBERS: I apologize, Your Honor.

THE COURT: And please don't say anything that would be -- that gets into an attorney/client privilege area.

MS. SOBERS: Correct. And part of my problem here is that I can't reveal a lot of it. But I'm basing a lot of my arguments on communications that I don't want to reveal here and that I didn't reveal in the papers but I just feel that the situation is one where I must withdraw.

THE COURT: And why must you withdraw?

MS. SOBERS: I'm basing that on statements revealed to me by the debtor. I can reveal them to Your Honor in camera

if that would be an alternative. But I don't feel comfortable saying it on the record. I still have a duty to my client until --

THE COURT: Uh-huh. I agree.

MS. SOBERS: -- I'm formally withdrawn.

THE COURT: I agree that you do. All right. Well, I'm extremely reluctant to keep a lawyer in the case under circumstances like that.

MR. DEVANI: Your Honor, may I say something?

THE COURT: Yes, of course.

MR. DEVANI: Okay. You know, ultimately, Ms. Sobers is also suggesting that there's different facts from what she ultimately realize and from what I suggested to her when we were discussing this case. So she feels that there's a mismatch. And -- what I revealed to her and what she's found out. But she has to understand that this case spans ten years. I do not have photographic memory. I cannot remember every single detail. And she also has to understand that when this all started, I was really naïve. I was still a college student, just trying to help my father out. My focus wasn't on business matters whatsoever. Like I said, I was just trying to help my father. So whoever it is, I cannot remember all these details. I mean, I understand I have a responsibility now. I'm willing to go through all that information now. But just standing here, if I'm supposed to come up with these facts,

remember things from ten years ago, I cannot do that. There are people that can; that's great. But I cannot. I mean, ultimately -- so if she feels that way -- you know, she has had access to the entire 500, 600-page paperwork that deals with this case with all the facts in those pages. So I haven't gone through all those pages. But she's had access to that which I made from my previous attorney. She provided all those documents to her. So if she feels that I misdirected her in any way, I mean, it's also her responsibility to do the homework and dig out the details and tell me what I'm missing because, like I said, I cannot remember everything.

MS. SOBERS: I don't disagree that a simple lack of memory would not be enough for me to withdraw. But it's not a simple lack of memory. It's specific statements that were provided by him that the immediate response was I need to withdraw. That was my initial gut reaction when I heard these statements. And it's not what he's talking about. And again, I can provide them to you in camera if you would allow it or would like to, but it's not a simple matter of he has a bad memory.

THE COURT: Okay. All right. I'm not going to take anything in camera. But I'll hear from -- so I'm inclined to say that it probably is for the best that you find another attorney. And you seem to feel that way as well.

MR. DEVANI: I mean, I have no objections working

with her but, you know, because of the situation now, I mean, ultimately, I am in that situation. But, see, I am naïve with the legalities of everything so I just don't understand the reason for filing bankruptcy, if people are suggesting that they don't have funds, yet they should come up with funds from friends and family.

THE COURT: But not everybody gets a discharge in bankruptcy. You can have no money but if you have been engaged in various types of conduct that are specified in the Code, you still don't get a discharge in bankruptcy even if you have no money. The bankruptcy discharge is available only to the honest but unfortunate debtor. And there are a number of things that you can do to forfeit a discharge including not keeping adequate records, financial records. That can -- even if you didn't do that with any malicious intent, if you don't have appropriate financial records, you may not be entitled to a discharge. So the fact that you don't have money does not automatically lead to the conclusion that you get a discharge in bankruptcy.

MR. DEVANI: Okay. I understand that. Well, also, what about my trying to attain an attorney -- retain an attorney for this situation? That also requires money but filing a bankruptcy, you do so under the assumption that you don't have money, yet, you're supposed to come up with the money to hire an attorney. So I --

THE COURT: Well, there are --

MR. DEVANI: -- don't see how that works.

THE COURT: You know, I don't know what your financial situation is, but obviously, you found the money to pay this attorney.

MR. DEVANI: Yes.

THE COURT: And I think she mentioned that she was willing to refund at least some portion of that money to you.

MS. SOBERS: That was actually on the unrelated action of the father. He had paid me 500 dollars to help in the state action where Desiderio was enforcing a separate judgment. And I offered to do the deposition and respond to subpoena but when the relationship broke down, I offered to return some of the funds that I --

THE COURT: So that's got nothing to do with this bankruptcy case.

MS. SOBERS: No. No.

THE COURT: All right.

MR. DEVANI: But I also feel that I should receive some of that money that was paid to her because I was assuming that she would see the bankruptcy through and this is just halfway. And so ultimately, if she would reimburse me half of that money, I can use those funds to pay another attorney if she's so adamant to leave.

MS. SOBERS: Your Honor, normally, I wouldn't mind,

but the amount of hours and time and effort that I've spent on this matter from the beginning -- I mean, I was paid a total of 3,000 dollars which, including the adversary proceeding -- and I have answered and I'm here today with my own motion, I expended a great deal of time on this matter. If this was in the beginning then I would understand and I would give some of the money back. I already offered on the state action because I knew I hadn't earned it but in this matter, I've earned it above and beyond and I just cannot, in good conscious, return the funds.

MR. DESIDERIO: Your Honor, may I be heard?

THE COURT: Not yet.

MR. DEVANI: May I --

MR. DEVANI: I agree that she did do work, obviously. I mean, I wasn't displeased with her conduct all throughout, just, you know, lately, but she did do work. She did do the work but ultimately, I'm not financially stable enough so that I can afford the other bankruptcy lawyers that are out there. I mean, right now, because of where the case is right now, they're all asking for arms and legs. So I don't know what I'm going to do there. I'm going to have to try to convince them, those lawyers, to maybe take installment or what have you, but that would help to a certain extent, getting some of the money back. If not all, some would help.

THE COURT: All right. Do you think you could see a

way to refund him 500 dollars?

MS. SOBERS: Okay.

THE COURT: Okay. All right. I'll hear from Mr. Desiderio.

MR. DESIDERIO: Obviously, an objection from the creditor is obvious here. Ms. Sobers conducted the investigation of the debtor whatever investigation that might have been. She filed the petition, the schedules. She attended the 341 meetings. She filed the answer. She responded to interrogatories. We were set for depositions until this motion came up. And the original basis for our motion to dismiss was Ms. Sobers' filing of the petition in bad faith. She's going to be a necessary element of any trial on that motion which is pending or scheduled.

THE COURT: Well, I'm going to -- 'cause I have considerable leeway in how I try this case. We're going to be trying the 727 action first. And if I determine the debtor doesn't get a discharge then the motion to dismiss will not be addressed.

MR. DESIDERIO: Okay. It --

THE COURT: That, I think, would obviate the need for Ms. Sobers' participation at least to that extent.

MR. DESIDERIO: Well, then there's the motion -- the sanctions aspect of the motion as well.

THE COURT: Well, that's true and I'll have to

consider that afterwards. But that's considerably down the road.

MR. DESIDERIO: Okay.

THE COURT: But that doesn't mean that you -- the fact that you've made a sanctions motion against her, whatever the merits of that may or may not be, does not strike me as a reason why she has to stay in the case and continue to represent the debtor.

MR. DESIDERIO: Well, it basi -- and then the undo delay. I mean, Ms. Sobers -- two months ago, Ms. Sobers requested a two-month adjournment of this matter to depose my client, to serve a notice --

THE COURT: What's the tearing hurry here for you? Is something external --

MR. DESIDERIO: I'm sorry?

THE COURT: What's the -- is there some external fact that is -- other than your desire to get the judgment?

MR. DESIDERIO: To get this moving. It's delayed.

THE COURT: Well, I'm sorry, but I don't think that that is -- your wish to move this case is not going to be enough to -- for me to deny this motion.

MR. DESIDERIO: All right. Well, I said my part.

THE COURT: Okay. All right. So I will permit you to withdraw from this case. You must refund the debtor 500 dollars.

You're going to have to get yourself another lawyer and you're going to have to do it quickly.

MR. DEVANI: How much time do I have, Your Honor?

THE COURT: I would give you a period of 30 days. In fact, what I'll do is put this on for a conference in July and you'll -- but I want you to come back at that conference with an attorney.

MS. SOBERS: Your Honor, can I have the same 30 days to refund the 500 or is there -- what time frame does the Court prefer?

THE COURT: How much -- do you need 30 days to do that?

MS. SOBERS: Two weeks.

THE COURT: Okay. Two weeks. If you can do that --

MS. SOBERS: Sure.

THE COURT: -- in two weeks.

MS. SOBERS: Thank you, Your Honor.

THE COURT: I'll put this on for a conference on the 17th. And I want you to appear with counsel at that conference.

MR. DEVANI: July 17th? All right. And, Your Honor, may I, you know, just bring up the issue regarding the plaintiff's attorney at the moment or --

THE COURT: Let me just -- before we leave the topic of the timing -- well, you know what? Why don't you make an

effort and see if you can find somebody that will represent you?

MR. DEVANI: I will do that as far as I know. And that being said, you know, I've spoken to several trustees. Not lawyers, trustees that could represent me.

THE COURT: Trustees?

MR. DEVANI: Yeah. Trustees. You know, lawyers that are trustees.

THE COURT: I see.

MR. DEVANI: Yeah.

THE COURT: Yes.

MR. DEVANI: I've spoken to several that --

THE COURT: Yeah.

MR. DEVANI: -- and even they are right now, you know, just looking at the case where it stands right now, they're saying yes, what we could definitely do is help you out here. We definitely feel that you have a case. But, like I said, they're asking for just an egregious amount of money. And so, I'm still trying to find an attorneys that's going to be willing to work with us in our financial situation. And it's not really easy. There are several good attorneys out there that I've spoken to but, like I said, they're all asking for arms and legs. And, you know, we're not in a situation where we can do that. So ultimately, I'm left in a situation where I have to find someone that's willing to work on an

installment plan or something of that nature because, you know, ultimately, we cannot afford. For example, one attorney is asking for 15,000 to come in right now. I mean, if I had that, I can help Mr. -- the plaintiff out here. But I'm not in that situation. So ultimately, my situation is of that nature where I do not have enough funds to be able to hire a lawyer of that caliber essentially. So, you know, I'm struggling to find an attorney.

I understand her situation. She doesn't feel that she can represent me successfully and that's fine. She has that right. But, you know, she's done the work and this has been -- she's been with us for three or four months now looking at this case. So a new attorney will also say that they need time to look into this and delve into this.

THE COURT: I could consider whether this would be an appropriate case for me to see about the possibility of appointing pro bono counsel. I don't know whether it is or whether you would qualify financially for that.

MR. DEVANI: Well, Your Honor, I'm just going to try my best to continue to try and find an attorney. And if I am unsuccessful, then I guess I will have to follow up with you on that. But --

THE COURT: Okay. All right.

MR. DEVANI: And ultimately --

THE COURT: Fair enough.

MR. DEVANI: -- and what else can I do? I mean, I just have to continue searching.

THE COURT: Okay. So I'll put this down for a conference on July 10th.

MR. DESIDERIO: July 10th, is that?

THE COURT: Yeah. Let's do July 10th. At what time? At 3 o'clock. And if you have a lawyer at that time, bring the lawyer with you.

MR. DEVANI: Okay. July 10th. And just, if you don't mind --

THE COURT: Yes. Go ahead.

MR. DEVANI: -- I'm just going to go into the case a bit, but this whole situation we're at right now emanates because plaintiff's attorney did not want to accept the funds that are in escrow right now which we tried tirelessly to attain from family and friends. There's 12,500 sitting there for the plaintiff's attorney to take. But plaintiff's attorney decided not to take that because plaintiff's attorney ultimately wanted that judgment. And so, I ultimately settled because at that moment because we didn't have funds to continue the trial to prove my innocence in this claim that he was showing against me. And so we settled. But, you know, ultimately, he's being very antagonistic, I don't know what evil word to use essentially, but he's just trying to come after us, trying to injure us financially or what have -- any

which way you can think of. He's just trying to come after us, ultimately. And, you know, I was not entirely involved in this case to begin with. It all emanates from my father. I just tried to help my father out as a son would, and so, ultimately, you know, he's coming after me and we tried to settle even though I do not have funds. I, my father, we all went out to family and friends to get that lump sum payment that was ultimately due which we missed because of a financial obstacle that came in the way which we ultimately did come up with after three weeks. But when we went to court, plaintiff's attorney decided that that wasn't good enough anymore after three weeks of mulling it over.

THE COURT: So how much is at issue here?

MR. DEVANI: Sorry?

THE COURT: How much -- what's the amount of money that's at issue here?

MR. DESIDERIO: The judgment is 140,000 less interest from --

THE COURT: And he paid how much on that?

MR. DESIDERIO: He's paid nothing. The judgment was entered March of last -- March of 2013.

THE COURT: Weren't there installments payments made?

MR. DESIDERIO: He's made no payments on the judgment. That was on a --

THE COURT: What --

MR. DESIDERIO: -- prior settlement prior to --

THE COURT: So, in another words, you got a judgment for the full amount --

MR. DESIDERIO: Based on his failure to live up to the settlement, yes.

THE COURT: Even though he had paid some of the --

MR. DESIDERIO: Some of the settlement amount.

THE COURT: Some of the settlement amount.

MR. DESIDERIO: Correct.

THE COURT: But you -- so you sort of got a punitive judgment that way.

MR. DESIDERIO: Well, no. It was for the amount of the fraudulent convey -- it was the total amount of the fraudulent conveyance.

THE COURT: But without any credits for the payments made?

MR. DESIDERIO: Oh, no, no. With the payments -- the payments were credited to the total amount. Absolutely.

THE COURT: Okay. I'm wondering if this is an appropriate case for mediation.

MR. DESIDERIO: We have made, and Ms. Sobers will agree, the most generous of settlement offers in this matter and it has been thrown back at us repeatedly.

MR. DEVANI: Your Honor, may I jump in here? One of the settlement offers initially to begin with was essentially

that lump sum payment, that 140,000, broken down into installments, essentially. That's what he started off with.

THE COURT: Uh-huh.

MR. DEVANI: And obviously, when I added that up, I started laughing. And I was, like, you know, obviously, he's not working with us here. He's not trying to help us out here. We're not settling. Obviously, he's just asking for the entire amount just broken up into payments. And so, we went back and forth but he's still asking for lots of money, a lump sum in the beginning and monthly payments for five years and then ultimately, at the end of those five years, another lump sum payment. And one of the terms was that --

THE COURT: Well, you really shouldn't be telling me this. I really shouldn't be hearing about the substance of your settlement discussions.

MR. DEVANI: Yeah. I'm just --

THE COURT: That's not something that I'm allowed -- I'm supposed to be involved in.

MR. DEVANI: Sorry, Your Honor. I just obviously feel really upset about this. You know, I was, like I said, not really involved with everything that emanated with my father and the plaintiff's client (sic). I was a student back then so -- and I ultimately told my father when he did sue me that, okay, fine, because we don't have any funds, let's just settle even though I was --

THE COURT: What I --

MR. DEVANI: My culpability -- okay. Go ahead.

THE COURT: I'll tell you what I could do. I could send this to mediation and I could appoint a mediation advocate for you. That we could do. So somebody would represent you in the context of the mediation.

MR. DESIDERIO: Your Honor, I don't see the -- I don't see this going anywhere in mediation. I just said we bent over backwards with our last offer. It was the most generous offer we could make.

THE COURT: Okay. You know, I'll take what you're saying at face value. But let me think about this. I'm thinking -- and whether you want to mediate or not, I can still send you.

MR. DESIDERIO: Of course.

THE COURT: And if I --

MR. DESIDERIO: I'm just telling you, we're not going any further down. I mean, we have gone down to the bottom. And they --

THE COURT: Well, I --

MR. DESIDERIO: -- are not --

THE COURT: I hear you but I don't buy that.

MR. DEVANI: And, Your Honor, ultimately, I mean, if you look at my situation and my father's situation, my father's partner's situation, ultimately, this guy is just being very

abusive with the entire legal system here. I mean, I understand there was some culpability maybe way back when, maybe ten years ago, but I had no involvement.

THE COURT: Okay.

MR. DEVANI: I was barely involved --

THE COURT: All right.

MR. DEVANI: -- in this situation.

THE COURT: Okay.

MR. DEVANI: And it's really upsetting.

THE COURT: Let's do this.

MR. DEVANI: I'm 30 years old. I'm just -- I'm 30 years old and I'm just trying to move ahead with my life. I graduated in 2008. And ultimately, I graduated at a bad time trying to find a job. But two years right after graduating, I was dealt with a loss from plaintiff's attorney. And so, you know, I was dealing with trying to scramble for a job, looking for a job, and then dealing with something that I was barely involved with. I understand there's a lot of details to this case. I understand there's lots of corporations and what have you. But my ultimate aim was just to help out my father.

THE COURT: Okay. So why don't you see about -- why don't we continue this. And if I am -- think about this and determine that mediation is appropriate, I'll issue an order directing that this be sent to mediation. And I will -- and if you want a mediation advocate to be appointed, I will indicate

a way for you to reach out to chambers for me to provide that --

MR. DEVANI: Okay.

THE COURT: -- see about providing that.

MR. DESIDERIO: Your Honor, if I may, we can't even negotiate on even ground because Mr. Devani has failed to produce documentation of numerous corporations that he owns including one which they admit is ongoing and takes in over 100,000 dollars a month in sales. I don't know what the profit is, but there are four -- at least four active entities that Mr. Devani owns an interest in. He's failed to produce any of the documentation for those companies. He's failed to produce his bank records, his personal bank records for three years prior to the filing. He's failed to produce his tax returns for the last six years. We have no financial information on this person at all. How can we --

THE COURT: Why would you be entitled to his tax returns for the last six years?

MR. DESIDERIO: To find out how much money he has, what assets he has, what corporations he's -- what other corporations he's listed in his tax returns.

MR. DEVANI: And ultimately, Your Honor, he's asking for -- you know, that's part of his tactic. I mean, that's what he's been doing with my father and my father's partner in the past. He's trying to come up -- asking for documents that

are not really relevant or maybe documents that may be outdated to provide at the present moment. And so, he's just trying to find loopholes within the system where can, like, abuse it and then tell the system that, you know, guess what, they were not able to come up with the documents. So you should grant me my judgment.

MR. DESIDERIO: We file our 2004 application. It was granted by Your Honor. It was unopposed. We were entitled to these documents. He never produced these documents. We have no idea what this debtor has, what his financial condition is, what his business transactions are. The basis for our judgment is multiple fraudulent conveyances from the father to the son. We have found out recently that the son, the business that he owns now, he owned originally by himself. But now, his mother and father own interest in those businesses.

MR. DEVANI: Your Honor --

MR. DESIDERIO: So it's no longer his business alone.

MR. DEVANI: Your Honor, I testified to the trustee that that was never the situation, what he's talking about with the present corporation. We have a family business right now and that was never the situation. We provided every single document that he's requested.

THE COURT: Well, have you had -- but you haven't had the deposition yet?

MR. DESIDERIO: He's refused to appear. We've had

several dates set. The last one was set on April 28th as well as for the deposition of my client. I produced my client even though she never even demanded it and they never appeared.

MR. DEVANI: I mean, I'm not -- you know, I'm not in this industry. So, you know, I don't have access to information. If there was a deposition, we would have appeared for it.

THE COURT: Let me hear from Ms. Sobers.

MS. SOBERS: I had advised creditor to hold off on the deposition because we were -- not to disclose settlement but we were at the point where I felt we were going to basically settle right at that moment or very soon thereafter. So I told him to hold off on the deposition because we were about to settle. So it wasn't that we simply didn't show up. I advised him that let's hold off.

MR. DEVANI: So, Your Honor, ultimately, plaintiff's attorney is suggesting that we're coming up with different facts. But obviously, as you can see now, that he, too, is coming up with different facts here. So we've provided all the documents that were necessary. And my father also filed a bankruptcy in the past from which he has documents that are applicable to my bankruptcy as well because ultimately I'm tied into that as well. So his assertion that documents have not been provided, I mean, I don't know how that's reliable. I mean, we've done our best to come up with documents. We don't

have every single piece of paper that he's been requesting but we did our best.

MR. DESIDERIO: Not a single individual bank statement --

MR. DEVANI: I mean, he's going to say that. But, you know --

MR. DESIDERIO: Not a single individual bank statement -- may I finish?

THE COURT: Okay. Please, sir, don't speak. You're out of order.

MS. SOBERS: Your Honor, should I withdraw or would you like me to stay?

THE COURT: No. You should stay.

MR. DESIDERIO: Not a single bank statement for the three years prior to the filing of his personal bank accounts.

THE COURT: He had a bank account?

MR. DESIDERIO: It's disclosed in the petition.

MR. DEVANI: Yeah. I mean, I have a joint bank account with my family, with my mother and father, because we have a business, family business.

THE COURT: So why were you not able to provide bank statements?

MR. DEVANI: No. I provided everything that he requested.

MR. DESIDERIO: He produced three bank statements for

his businesses that all post-date the bankruptcy filing. Not one for the years prior to, for the ongoing -- for the businesses he's presently running.

THE COURT: Do you not keep your bank statements?

MR. DEVANI: We do, yes.

THE COURT: Well, then -

MR. DEVANI: I mean, I can request them from the bank as well. I mean, I don't understand how he's making that claim. I mean, we provided everything that he's requested, essentially. I mean, ultimately, I mean, we weren't able to go back maybe 15 years maybe but --

THE COURT: Okay.

MR. DEVANI: -- we did everything that he can and --

THE COURT: I don't think I can get involved in this right now. So I think because -- you know, you don't have an attorney here who's representing you at this point. So I think we're going to have to adjourn this. And I'll see about the possibility of mediation.

MR. DEVANI: Okay.

THE COURT: But July 10th at 3:30. Bring an attorney with you if you've been --

MR. DEVANI: I will do my best, Your Honor.

THE COURT: -- if you're able to get one.

MR. DEVANI: Thank you. But -- yeah.

THE COURT: Okay.

MS. SOBERS: Thank you.

MR. DEVANI: Thank you.

THE COURT: Ms. Sobers, are you going to prepare the order on your withdrawal motion?

MS. SOBERS: I apologize. I'm sorry?

THE COURT: Are you going to prepare the order on your withdrawal motion?

MS. SOBERS: Yes. I'll submit it to chambers.

THE COURT: Okay. Thank you.

MS. SOBERS: Thanks.

MR. DEVANI: Thank you, Your Honor.

THE COURT: Oh, Ms. -- thank you. Ms. Sobers?

MS. SOBERS: Yes, Your Honor.

THE COURT: The motion to seal seems to me is --

MS. SOBERS: It's moot.

THE COURT: -- moot at this point.

MS. SOBERS: Yes.

THE COURT: So I'll mark it withdrawn, I guess.

MS. SOBERS: Yes, Your Honor.

THE COURT: Okay. Thank you.

(Whereupon these proceedings were concluded at 3:43 p.m.)

## I N D E X

### R U L I N G S


| DESCRIPTION | PAGE | LINE |
|---|---|---|
| Motion to withdraw as counsel granted | 18 | 24 |
| Motion to seal withdrawn as moot | 33 | 18 |

C E R T I F I C A T I O N

I, Lisa Beck, certify that the foregoing transcript is a true and accurate record of the proceedings.

Lisa Beck Digitally signed by Lisa Beck
DN: cn=Lisa Beck, o=Veritext, ou, email=digital@veritext.com, c=US
Date: 2015.11.18 10:32:36 -05'00'

______________________________________

Lisa Beck (CET**D486)

AAERT Certified Electronic Transcriber

Date: October 26, 2015

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

**1**

**1-13-15106** 2:1,10
**1-14-01025** 2:9
**100,000** 28:9
**10004** 3:6
**100a** 3:20
**10:29** 1:21
**10th** 22:4,5,6,9 32:20
**11** 3:4
**11004** 3:13
**11201** 1:18
**11501** 35:25
**11743** 3:21
**12,500** 22:16
**13-15106** 1:3
**14-01025** 1:3
**140,000** 23:17 25:1
**15** 32:11
**15,000** 21:3
**17th** 19:19,21
**18** 34:6,7

**2**

**2004** 29:7
**2008** 27:13
**2013** 23:21
**2015** 1:20 35:14
**24** 34:6
**26** 35:14
**266** 3:12
**271** 1:17
**28th** 30:1
**2:00** 2:1,9

**3**

**3** 1:20 22:7
**3,000** 16:3
**30** 8:14 9:11 19:4,8 19:11 27:11,11
**300** 35:24
**32** 4:2
**33** 4:3 34:7
**330** 35:23
**34** 4:3
**341** 17:9
**3:30** 32:20
**3:43** 33:21

**4**

**44** 2:5,7
**45** 2:4

**5**

**50** 3:19
**500** 13:4 15:10 17:1 18:24 19:9

**6**

**600** 13:4
**615** 3:5

**7**

**7** 2:2,11,13
**727** 17:17
**78-32** 3:12

**a**

**aaert** 35:10
**able** 5:21 8:3,13 10:25 21:6 29:5 31:21 32:10,23
**absolutely** 24:18
**abuse** 29:3
**abusive** 27:1
**accept** 9:17 22:14
**access** 13:4,6 30:5
**account** 31:16,19
**accounts** 31:15
**accurate** 35:5
**action** 15:10,11 16:7 17:17
**active** 28:10
**adamant** 9:14 15:24
**added** 25:4
**addressed** 17:19
**adequate** 14:14
**adjourn** 32:17
**adjournment** 18:11
**admit** 28:8
**adult** 9:2
**adv** 1:3
**adversary** 16:3
**advised** 30:9,15
**advocate** 26:4 27:25
**afford** 16:18 21:2
**ago** 7:4 13:1 18:10 27:3
**agree** 6:17 8:12 9:25 10:6 12:4,6 16:14 24:22
**agreement** 7:21
**ahead** 4:25 22:11 26:2 27:12
**aim** 9:3 27:20
**allocate** 8:13
**allow** 13:18
**allowed** 25:17
**alternative** 12:1
**amount** 8:5 16:1 20:18 23:15 24:3,7 24:8,12,13,18 25:8
**amounts** 9:24
**answer** 7:15 17:9
**answered** 16:4
**antagonistic** 22:23
**anymore** 6:18 23:11
**apologize** 11:15 33:5
**appear** 19:19 29:25
**appearances** 4:4
**appeared** 30:3,6
**applicable** 30:22
**application** 4:16,17 29:7
**appoint** 26:4
**appointed** 27:25
**appointing** 21:17
**approaching** 11:2
**appropriate** 14:16 21:16 24:20 27:23
**april** 30:1
**area** 11:17
**arguments** 11:20
**arms** 5:19 16:20 20:23
**asked** 8:1
**asking** 16:20 20:18 20:22 21:3 25:7,9 28:22,25
**asks** 5:19
**aspect** 17:24
**assertion** 30:23
**assets** 28:20
**assuming** 15:20
**assumption** 14:23
**attain** 14:21 22:16
**attended** 17:9
**attorney** 2:5,7 3:18 4:19,19 5:2,15 7:17 8:3,4,10,10,24 10:11,22 11:17 13:7 13:24 14:21,22,25 15:5,23 19:7,23 21:2,8,13,20 22:14 22:17,17,18 23:10 27:15 30:17 32:16 32:20
**attorneys** 3:3 20:19 20:21
**automatically** 14:18
**available** 14:11

**b**

**b** 1:23
**back** 10:15 11:10 16:7,24 19:6 24:23 25:8,22 27:2 32:11
**backwards** 26:9
**bad** 13:19 17:12 27:13
**bank** 28:13,13 31:3 31:7,14,15,16,18,21 31:25 32:4,7
**bankruptcy** 1:1,16 1:25 5:20 7:9,13 8:8 10:1,9 14:4,8,10 14:11,19,23 15:16 15:21 16:18 30:21 30:22 32:1
**barely** 27:5,17
**based** 24:4
**basi** 18:9
**basically** 30:12
**basing** 11:19,24
**basis** 10:9 17:11 29:11
**bear** 5:22
**beck** 2:24 35:4,9

**beginning** 16:2,6 25:10
**behalf** 4:5,7
**beneficial** 6:8
**benefit** 5:9
**bent** 26:9
**best** 13:23 21:20 30:25 31:2 32:22
**beyond** 16:9
**bit** 7:8 22:13
**bono** 21:17
**bottom** 26:18
**bring** 19:22 22:7 32:20
**broadway** 3:4
**broke** 15:13
**broken** 11:8 25:1,8
**brooklyn** 1:18
**business** 9:4 12:21 29:11,13,17,20 31:20,20
**businesses** 29:15 32:1,3
**buy** 26:22

**c**

**c** 1:17 3:1 4:1 35:2,2
**cadman** 1:17
**calendar** 4:3
**caliber** 21:7
**calling** 4:2
**camera** 11:25 13:18 13:22
**carla** 1:24
**case** 1:3 4:2 5:17,18 6:14,20 7:3 8:23 9:20,23 10:22 11:2 12:7,14,16 13:5 15:16 16:19 17:16 18:7,20,24 20:15,17 21:13,16 22:12 23:3 24:20 27:19
**cause** 7:19 9:7 17:15
**cec** 1:3,3 2:1,9,10
**certain** 16:23
**certified** 35:10
**certify** 35:4
**cet** 35:9
**ch** 2:2,11
**chambers** 28:1 33:8
**chance** 10:23
**change** 11:1,2
**circumstance** 10:25
**circumstances** 12:8
**claim** 22:21 32:9
**clerk** 4:2,9
**client** 11:17 12:2 18:12 25:22 30:2,2
**code** 14:9
**collect** 8:5
**college** 9:2 12:19
**come** 5:23 8:1 12:25 14:5,24 19:6 21:3 22:24 23:1,9 28:25 29:5 30:25
**comfortable** 5:7 12:1
**coming** 23:5 30:17 30:19
**communications** 11:20
**companies** 28:12
**compel** 2:13
**completely** 9:10 10:17
**concluded** 33:21
**conclusion** 14:18
**condition** 29:10
**conduct** 14:9 16:15
**conducted** 17:6
**conference** 19:5,6 19:18,20 22:4
**confirms** 7:8
**confused** 9:6
**connoisseur** 9:4
**conscious** 16:9
**consent** 5:25
**consider** 18:1 21:15
**considerable** 17:16
**considerably** 18:1
**contention** 10:5
**contentious** 11:7
**context** 26:6
**continue** 4:18 5:2,4 10:25 18:7 21:20 22:2,20 27:22
**convey** 24:13
**conveyance** 24:14
**conveyances** 29:12
**convince** 16:21
**cooperate** 8:15
**corporation** 29:20
**corporations** 27:19 28:7,20,21
**correct** 5:12,13 6:4 11:18 24:9
**counsel** 6:2,3 8:15 19:19 21:17 34:6
**counsel's** 4:17
**country** 35:23
**course** 7:3 10:8 12:10 26:15
**court** 1:1,16 4:12,14 4:16,21,24 5:4,11 5:14,21 6:3,5,9,12 6:14,20,25 7:3,6,12 8:1,2,6,8,14,20 9:13 9:18,21 10:3,12,24 11:5,12,16,23 12:4 12:6,10 13:21 14:7 15:1,3,7,15,18 16:12,25 17:3,15,21 17:25 18:4,13,16,19 18:23 19:4,9,11,14 19:16,18,24 20:6,9 20:11,13 21:15,23 21:25 22:3,6,11 23:10,13,15,19,22 23:25 24:2,6,8,10 24:15,19 25:3,13,17 26:1,3,11,16,20,22 27:4,6,8,10,21 28:4 28:17 29:23 30:8 31:9,13,16,21 32:4 32:6,12,14,20,23,25 33:3,6,9,12,14,16 33:18,20
**courtroom** 4:12
**craig** 1:24
**credited** 24:18
**creditor** 7:13 10:5 11:11 17:6 30:9
**credits** 24:15
**cross** 2:13 4:8
**culpability** 26:2 27:2

**d**

**d** 4:1 34:2
**d486** 35:9
**date** 32:1 35:14
**dates** 30:1
**day** 9:23 10:4,14
**days** 8:14 19:4,8,11
**deal** 7:24 8:9 16:5
**dealing** 27:16,17
**deals** 13:4
**dealt** 27:15
**debtor** 1:8 3:3,10 3:11 11:1,25 14:12 17:7,17 18:8,24 29:10
**decide** 5:23
**decided** 7:20 22:18 23:11
**defendant** 1:14 3:3 3:11
**definitely** 20:16,17
**delay** 18:10
**delayed** 18:18
**delve** 21:14
**demanded** 30:3
**deny** 18:21
**depose** 18:11
**deposition** 15:12 29:24 30:2,6,10,13
**depositions** 17:10
**describing** 11:6
**description** 34:5
**desiderio** 1:10 2:9 3:17,18,23 4:7,7,8 8:9 15:11 16:11 17:4,5,20,23 18:3,9 18:15,18,22 22:5 23:17,20,23 24:1,4 24:7,9,12,17,21

26:7,15,17,21 28:5 28:19 29:7,17,25 31:3,7,14,17,25
**desire** 18:17
**detail** 10:21 12:18
**details** 12:23 13:10 27:18
**determine** 17:17 27:23
**determined** 10:4
**devani** 1:7,13 2:1,9 2:10 3:10,15 4:2,6 4:11,11,18,18 5:1,6 5:13,16 6:1,4,6,11 6:13,19,23 7:1,5,7 7:15 8:12,17,22 9:14,19,25 10:8,15 12:9,11 13:25 14:20 15:2,6,19 16:13,14 19:3,21 20:3,7,10 20:12,14 21:19,24 22:1,9,12 23:14 24:24 25:4,16,19 26:2,23 27:5,7,9,11 28:3,6,11,22 29:16 29:18 30:4,16 31:5 31:18,23 32:5,7,13 32:19,22,24 33:2,11
**different** 4:19 7:18 12:12 30:17,19
**dig** 13:10
**directing** 27:24
**disagree** 13:12
**disagreeable** 9:10 9:15
**disagreed** 8:3
**discharge** 7:14 9:22 10:5,7 14:7,10,11 14:13,17,18 17:18
**disclose** 30:10
**disclosed** 31:17
**discussing** 12:14
**discussions** 25:15
**dismiss** 17:12,18
**displeased** 16:15
**district** 1:2
**document** 2:4,5 29:22
**documentation** 28:7,12
**documents** 5:17 13:8 28:25 29:1,5,9 29:9 30:20,21,23,25
**doing** 28:24
**dollars** 15:10 16:3 17:1 18:25 28:9
**due** 7:24 23:8
**duty** 12:2

**e**

**e** 1:23,23,24 3:1,1 4:1,1 34:2 35:2
**earned** 16:8,8
**east** 1:17
**eastern** 1:2
**easy** 20:21
**effort** 16:1 20:1
**egregious** 20:18
**electronic** 35:10
**element** 17:13
**emanated** 25:21
**emanates** 8:22,25 22:13 23:3
**enforcing** 15:11
**engaged** 14:8
**entered** 23:21
**entire** 13:4 25:7 27:1
**entirely** 23:2
**entities** 28:10
**entitled** 10:4 14:16 28:17 29:8
**environment** 11:8
**escrow** 22:15
**esq** 3:8,23
**essentially** 21:7 22:24 24:25 25:2 32:10
**evasive** 10:21
**everybody** 14:7
**evil** 22:24
**exactly** 9:4
**example** 21:2
**excuse** 4:21
**expended** 16:5
**explained** 11:9
**extent** 5:17 16:23 17:22
**external** 18:14,16
**extra** 8:1
**extremely** 12:7

**f**

**f** 1:23 35:2
**face** 26:12
**facing** 11:9
**fact** 10:12 14:17 18:5,16 19:5
**facts** 12:12,25 13:5 30:18,19
**failed** 28:6,11,12,14
**failure** 24:4
**fair** 21:25
**faith** 7:14 17:13
**family** 9:11 14:6 22:16 23:7 29:20 31:19,20
**far** 5:19 11:6,9 20:3
**father** 4:13,15 8:19 8:20 9:4,5 10:19 12:20,22 15:10 23:3 23:4,6 25:22,23 27:20 28:24 29:12 29:15 30:20 31:19
**father's** 8:25 26:24 26:24 28:24
**fault** 11:7
**feel** 5:7 6:7 9:15 10:8,11,22 11:21 12:1 13:24 15:19 20:17 21:9 25:20
**feels** 5:3 12:14 13:3 13:8
**felt** 8:18 30:11
**file** 29:7
**filed** 7:4 17:8,9 30:20
**filing** 5:20 7:9,13 14:4,23 17:12 28:14 31:15 32:1
**financial** 7:24 14:14 14:16 15:4 20:20 23:8 28:15 29:10
**financially** 16:17 21:18 22:25
**find** 5:5,8,14 6:12 7:11 10:11,22 13:23 20:1,19,25 21:7,20 27:14 28:19 29:3
**fine** 21:10 25:24
**finish** 31:8
**first** 4:17 17:17
**five** 25:10,11
**floral** 3:13
**focus** 12:20
**follow** 21:21
**foregoing** 35:4
**forfeit** 14:13
**formally** 12:5
**forth** 11:10 25:9
**forward** 6:21
**found** 12:15 15:4 29:13
**four** 21:12 28:10,10
**frame** 19:9
**fraudulent** 24:13,14 29:12
**friends** 14:6 22:16 23:7
**full** 24:3
**funds** 5:20 7:10,11 7:17,20,25 8:2 9:11 9:12 10:2,10,12 14:5,5 15:14,23 16:10 21:6 22:14,20 23:6 25:24
**further** 11:13 26:18

**g**

**g** 4:1 34:4
**generous** 24:22 26:10
**gerard** 3:19
**getting** 16:23
**give** 5:21 16:6 19:4
**go** 4:25 6:14,21 7:20 11:13 12:24 22:11 22:12 26:2 32:10

**going** 4:17 5:14,21 5:24 6:14 8:9 9:2,9 11:13 13:21 16:21 16:21 17:13,15,16 18:20 19:1,2 20:19 21:19 22:12 26:8,17 30:11 31:5 32:17 33:3,6
**good** 7:14 16:9 20:21 23:11
**graduated** 27:13,13
**graduating** 27:14
**grant** 8:1 29:5
**granted** 29:8 34:6
**great** 13:2 16:5
**ground** 28:6
**guess** 5:6 21:21 29:4 33:18
**gut** 13:16
**guy** 26:25

**h**

**half** 15:22
**halfway** 15:22
**handle** 6:21
**happen** 9:21,22
**happened** 9:2 10:18 10:19
**hear** 13:22 17:3 26:22 30:8
**heard** 13:16 16:11
**hearing** 2:4,7,13 25:14
**help** 9:4,5 10:19 12:20,22 15:10 16:23,24 20:16 21:4 23:4 25:6 27:20
**hire** 6:1,3,9 14:25 21:6
**hold** 30:9,13,15
**homework** 13:10
**hon** 1:24
**honest** 14:12
**honesty** 8:17
**honor** 4:11 11:3,15 11:25 12:9 15:25 16:11 19:3,8,17,21 21:19 24:24 25:19 26:7,23 28:5,22 29:8,16,18 30:16 31:11 32:22 33:11 33:13,19
**hostile** 11:8
**hours** 16:1
**huh** 9:18 12:4 25:3
**huntington** 3:21
**hurry** 18:13

**i**

**idea** 29:10
**immediate** 13:15
**inclined** 13:22
**including** 14:13 16:3 28:8
**indicate** 27:25
**indiscernible** 4:13 6:24
**individual** 31:3,7
**industry** 30:5
**information** 12:24 28:15 30:6
**initial** 13:16
**initially** 7:16 24:25
**injure** 22:25
**innocence** 22:21
**insight** 9:1
**installment** 7:23 16:22 21:1
**installments** 23:22 25:2
**intent** 14:15
**interest** 23:17 28:11 29:15
**interrogatories** 17:10
**investigation** 17:7,7
**involved** 23:2 25:18 25:21 27:5,18 32:14
**involvement** 27:3
**issue** 5:2 7:16 19:22 23:13,16 27:23
**issues** 9:8

**j**

**job** 27:14,16,17
**john** 1:10 3:17,18 3:23 4:7,8
**joint** 31:18
**judge** 1:25
**judgment** 8:5 15:12 18:17 22:19 23:17 23:20,24 24:2,11 29:6,11
**july** 19:5,21 22:4,5 22:6,9 32:20
**jump** 24:24

**k**

**keep** 12:7 32:4
**keeping** 14:14
**kind** 7:8 9:6
**knew** 16:8
**know** 5:19 7:8,19 8:18,23 9:7,19 10:13,16,16 11:12 12:11 13:3 14:1 15:3,3 16:16,20 19:22,25 20:3,4,7 20:15,23 21:1,7,11 21:17 22:22,23 23:2 23:5 25:5,20 26:11 27:16 28:9,23 29:4 30:4,5,24 31:6 32:15

**l**

**l** 34:4
**lack** 13:12,14
**lately** 16:16
**laughing** 25:5
**law** 3:2,17 4:5 11:9
**lawyer** 5:18,23 6:10 6:15,17 7:18,19 12:7 19:1 21:6 22:7 22:8
**lawyers** 7:7 16:18 16:22 20:5,7
**lead** 1:3 14:18
**leave** 15:24 19:24
**leaving** 5:25
**leeway** 17:16
**left** 20:24
**legal** 6:23 27:1 35:22
**legalities** 14:3
**legs** 5:19 16:20 20:23
**liable** 9:23 10:1
**life** 27:12
**line** 34:5
**lisa** 2:24 35:4,9
**listed** 28:21
**live** 24:4
**long** 6:8
**longer** 29:17
**look** 21:14 26:24
**looking** 20:15 21:12 27:16
**loopholes** 29:3
**loss** 27:15
**lot** 5:22 11:19,19 27:18
**lots** 25:9 27:19
**lump** 7:22,24 23:7 25:1,9,11

**m**

**making** 32:8
**malicious** 14:15
**march** 23:21,21
**mark** 33:18
**mastermind** 10:20
**matter** 8:8 13:19 16:2,5,8 18:11 24:22
**matters** 1:5 12:21
**mean** 5:1 6:5 7:8 8:7 9:2,7,11,21 10:13 11:4 12:23 13:2,9,25 14:1 16:2 16:15,19 18:4,10 21:3 22:1 26:18,23 27:1 28:23 30:4,24 30:25 31:5,18 32:7 32:8,9,10,10
**means** 9:5
**mediate** 26:13
**mediation** 24:20 26:4,4,6,8 27:23,24 27:25 32:18

**meetings** 17:9
**memory** 12:17 13:13,14,20
**mentioned** 15:7
**merits** 18:6
**mind** 5:22 15:25 22:10
**mineola** 35:25
**misdirected** 13:8
**mismatch** 12:15
**missed** 23:8
**missing** 13:10
**moment** 19:23 22:20 29:2 30:12
**money** 8:3 14:8,11 14:17,22,24,25 15:4 15:8,20,23 16:7,23 20:18 23:15 25:9 28:19
**month** 7:4 18:11 28:9
**monthly** 7:23 25:10
**months** 18:10 21:12
**moot** 33:15,16 34:7
**mother** 29:14 31:19
**motion** 2:4,5,7,13 2:14,14 7:3 16:4 17:11,12,14,18,23 17:24 18:5,21 33:4 33:7,14 34:6,7
**movant** 4:8
**move** 18:20 27:12
**moving** 18:18
**mulling** 23:12
**multiple** 29:12

**n**

**n** 3:1 4:1 34:2,4 35:2
**name** 4:9,11
**nature** 21:1,5
**naïve** 10:18 12:19 14:2
**necessary** 17:13 30:20
**need** 5:16 7:1 13:15 17:21 19:11 21:13
**negotiate** 28:6
**negotiations** 11:10 11:14
**never** 29:9,19,21 30:3,3
**new** 1:2 3:6 21:13
**normally** 8:22 15:25
**notice** 18:12
**number** 4:2 14:12
**numerous** 28:7
**ny** 1:18 3:6,13,21 35:25

**o**

**o** 1:23 4:1 35:2
**o'clock** 22:7
**objection** 5:11 17:5
**objections** 13:25
**obstacle** 7:25 23:8
**obtain** 8:4
**obviate** 17:21
**obvious** 17:6
**obviously** 6:6,23,24 7:1 8:25 15:4 16:14 17:5 25:4,5,7,19 30:18
**october** 35:14
**offer** 26:9,10
**offered** 15:12,13 16:7
**offers** 24:22,25
**office** 3:17
**oh** 4:23 24:17 33:12
**okay** 5:1,4,11,14,21 6:9,11,13 8:20 12:11 13:21 14:20 17:2,3,20 18:3,23 19:14 21:23 22:3,9 24:19 25:24 26:2,11 27:4,8,21 28:3 31:9 32:12,19,25 33:9,20
**old** 9:12 27:11,12 35:23
**once** 8:3
**ongoing** 28:8 32:2
**opposition** 2:13
**order** 27:23 31:10 33:4,6
**original** 17:11
**originally** 29:14
**outdated** 29:1
**owed** 9:24
**owned** 29:14
**owns** 28:7,11 29:14

**p**

**p** 3:1,1 4:1
**p.m.** 33:21
**page** 13:4 34:5
**pages** 13:5,6
**paid** 7:22 15:10,20 16:2 23:19,20 24:6
**paper** 31:1
**papers** 8:7 11:21
**paperwork** 13:4
**park** 3:13
**part** 11:7,18 18:22 28:23
**participation** 17:22
**partner** 28:24
**partner's** 26:25
**pay** 15:5,23
**payment** 7:21,22 23:7 25:1,12
**payments** 23:22,23 24:15,17,18 25:8,10
**pending** 17:14
**people** 13:2 14:4
**period** 8:1 19:4
**permit** 6:17 18:23
**persistent** 9:9
**person** 10:12 28:16
**personal** 28:13 31:15
**petition** 17:8,12 31:17
**photographic** 12:17
**piece** 31:1
**plaintiff** 1:11 3:18 4:7 21:4
**plaintiff's** 7:16 8:2 8:4,24 19:23 22:14 22:17,17,18 23:10 25:22 27:15 30:16
**plan** 7:21 21:1
**plaza** 1:17
**please** 4:4,10,12,24 11:13,16 31:9
**pllc** 3:2
**pm** 2:1,9
**point** 6:15 7:18 8:7 9:25 30:11 32:16 33:16
**poor** 8:19
**portion** 15:8
**position** 7:13 9:20
**possibility** 21:16 32:18
**possible** 6:1
**post** 32:1
**prefer** 19:10
**prepare** 33:3,6
**prepared** 8:16
**present** 29:2,20
**presently** 5:1 9:8 32:3
**previous** 13:7
**prior** 24:1,1 28:14 31:15 32:2
**privilege** 11:17
**pro** 3:11,15 21:17
**probably** 13:23
**problem** 7:12 11:18
**proc** 1:3
**proceed** 9:7,20
**proceeding** 16:3
**proceedings** 33:21 35:5
**process** 7:9
**produce** 28:7,11,12 28:14
**produced** 29:9 30:2 31:25
**profit** 28:9
**prove** 22:21
**provide** 13:18 28:1 29:2 31:21
**provided** 13:7,15 29:21 30:19,24 31:23 32:9

**providing** 28:4
**punitive** 24:10
**put** 7:11 19:5,18 22:3

**q**

**qualify** 21:18
**quickly** 19:2

**r**

**r** 1:23 3:1 4:1 34:4 35:2
**reach** 28:1
**reaction** 13:16
**reading** 8:7
**realize** 12:13
**really** 12:19 20:21 25:13,14,20,21 27:9 29:1
**reason** 5:19 10:1 14:4 18:7
**receive** 10:6 15:19
**record** 4:9 12:2 35:5
**records** 14:14,14,16 28:13,13
**refund** 15:8 17:1 18:24 19:9
**refused** 29:25
**regarding** 19:22
**reimburse** 15:22
**related** 2:4 5:18
**relations** 8:19
**relationship** 15:13
**relevant** 29:1
**reliable** 30:24
**reluctant** 12:7
**remember** 8:7 12:17,22 13:1,11
**repeatedly** 24:23
**represent** 5:5,24 6:7 8:16 18:8 20:1 20:5 21:10 26:5
**represented** 6:16,16
**representing** 5:7 6:7 9:16 32:16
**represents** 5:9
**request** 32:7
**requested** 18:11 29:22 31:24 32:9
**requesting** 31:1
**requires** 14:22
**respond** 15:12
**responded** 17:10
**response** 13:15
**responsibility** 12:23 13:9
**responsible** 10:16 10:17
**retain** 14:21
**return** 15:14 16:9
**returns** 28:14,18,21
**reveal** 11:19,20,21 11:25
**revealed** 11:24 12:15
**right** 4:16 8:6 9:11 9:13 10:11,22 12:6 13:21 15:18 16:19 16:19,25 17:3 18:22 18:23 19:21 20:14 20:15 21:3,11,23 22:13,15 27:6,14 29:20 30:12 32:15
**road** 18:2 35:23
**roped** 8:24
**run** 6:8
**running** 32:3

**s**

**s** 1:10 2:4,5 3:1,17 3:23 4:1 34:4
**sales** 28:9
**sanctions** 17:24 18:5
**saying** 6:9,25 12:2 20:16 26:12
**scheduled** 17:14
**schedules** 17:8
**scramble** 27:16
**se** 3:11,15
**seal** 2:4,14 33:14 34:7
**searching** 22:2
**seated** 4:24
**see** 7:8,12 14:2 15:2 15:21 16:25 20:1,9 21:16 26:7,8 27:21 28:4 30:18 32:17
**send** 26:4,14
**sent** 27:24
**separate** 15:11
**september** 1:20
**serve** 18:12
**set** 17:10 30:1,1
**settle** 7:19,20 9:15 23:5 25:25 30:12,14
**settled** 22:19,22
**settlement** 11:10,14 24:1,5,7,8,22,25 25:15 30:10
**settling** 9:9 25:7
**show** 7:10 30:14
**showing** 22:22
**sic** 25:22
**side** 8:25
**simple** 13:12,14,19
**simply** 30:14
**single** 12:18 29:21 31:1,3,7,14
**sir** 4:9 31:9
**sitting** 22:16
**situation** 5:6 7:11 8:23 9:6 10:23 11:22 14:1,2,22 15:4 20:20,23,24 21:5,5,9 22:13 26:24,24,25 27:7 29:19,21
**six** 28:15,18
**sobers** 3:2,8 4:5,5,5 8:18 9:9 10:24 11:3 11:6,15,18,24 12:5 12:11 13:12 15:9,17 15:25 17:2,6,12,22 18:10,10 19:8,13,15 19:17 24:21 30:8,9 31:11 33:1,3,5,8,10 33:12,13,15,17,19
**solutions** 35:22
**somebody** 5:5 6:12 20:1 26:5
**son** 10:19 23:4 29:12,13
**soon** 30:12
**sorry** 4:14,23 18:15 18:19 23:14 25:19 33:5
**sort** 24:10
**spans** 5:17 12:16
**speak** 31:9
**speaker** 4:13,15,20 4:23
**speaking** 4:22 7:7
**specific** 13:14
**specified** 14:9
**spent** 16:1
**spoken** 5:18 20:4,12 20:22
**sr** 4:8
**stable** 16:17
**standing** 12:25
**stands** 20:15
**started** 9:3 12:19 25:2,5
**state** 4:9 15:11 16:7
**statement** 31:4,8,14
**statements** 11:24 13:14,17 31:22,25 32:4
**states** 1:1,16
**stay** 8:20 18:7 31:12 31:13
**street** 3:12,19
**strike** 18:6
**struggling** 21:7
**student** 9:3 12:20 25:22
**submit** 33:8
**subpoena** 15:13
**substance** 11:14 25:14
**succeeding** 10:23
**successfully** 21:10
**sue** 25:23
**sued** 7:17

**suggest** 10:20
**suggested** 7:18,19 12:13
**suggesting** 10:17 12:12 14:4 30:17
**suite** 3:5,20 35:24
**sum** 7:22,24 23:7 25:1,9,11
**supposed** 12:25 14:24 25:18
**sure** 6:10 19:15
**switch** 4:19
**system** 27:1 29:3,4

**t**

**t** 35:2,2
**tactic** 28:23
**take** 4:16 8:3 10:15 13:21 16:22 22:17 22:18 26:11
**takes** 7:13 28:8
**talk** 11:14
**talking** 13:17 29:19
**tax** 28:14,17,21
**tearing** 18:13
**tell** 13:10 26:3 29:4
**telling** 25:13 26:17
**ten** 12:16 13:1 27:3
**terms** 9:10,15,17 25:12
**testified** 29:18
**thank** 19:17 32:24 33:1,2,9,11,12,20
**thanks** 33:10
**things** 13:1 14:13
**think** 5:24 7:22 15:7 16:25 17:21 18:19 23:1 26:12 27:22 32:14,15,16
**thinking** 26:13
**three** 21:12 23:10 23:11 28:13 31:15 31:25
**thrown** 24:23
**tied** 30:22
**time** 5:16,22 7:1,6 7:18 8:1,13,13,14 16:1,5 19:3,9 21:14 22:6,7 27:13
**times** 11:11
**timing** 19:25
**tirelessly** 22:15
**today** 16:4
**told** 25:23 30:13
**topic** 19:24
**total** 16:2 24:13,18
**transactions** 29:11
**transcribed** 2:24
**transcriber** 35:10
**transcript** 35:4
**transpired** 7:16
**trial** 7:20 17:13 22:21
**tried** 22:15 23:4,5
**true** 17:25 35:4
**truly** 9:16
**trustee** 29:18
**trustees** 20:4,5,6,7,8
**try** 16:21 17:16 21:19,20
**trying** 9:5 10:19,20 10:21 12:20,21 14:21 17:17 20:19 22:24,25 23:1 25:6 27:12,14,16 28:25 29:2
**turn** 10:3
**two** 7:22,23 18:10 18:11 19:13,14,16 27:14
**type** 7:22
**types** 14:9

**u**

**u** 34:4
**u.s.** 1:25
**uh** 9:18 12:4 25:3
**ultimate** 9:3 27:20
**ultimately** 5:8 8:4 8:23,24,25 9:6,21 10:9,15 12:11,13 13:3 14:2 15:22 16:17 20:24 21:2,5 21:24 22:19,19,23 23:2,4,8,9 25:11,23 26:23,25 27:13 28:22 30:16,22 32:10
**understand** 6:19 7:9 8:6 9:19 10:23 12:16,18,23 14:3,20 16:6 21:9 27:2,18 27:19 32:8
**undo** 18:9
**unfortunate** 14:12
**unfortunately** 11:3
**unidentified** 4:13 4:15,20,23
**united** 1:1,16
**unopposed** 29:8
**unrelated** 15:9
**unsuccessful** 21:21
**upset** 25:20
**upsetting** 27:9
**use** 15:23 22:24

**v**

**v** 1:12 2:9
**value** 26:12
**various** 14:9
**veritext** 35:22
**views** 11:2
**viki** 1:7,13 2:1,10 3:10,15 4:2,6,11,18
**vivian** 3:8 4:5
**voluminous** 5:17

**w**

**want** 4:18,19,20 5:2 5:4,5,7,9 6:6 11:20 19:6,19 22:14 26:13 27:25
**wanted** 22:19
**wants** 8:4
**way** 7:25 8:10 10:17 11:1 13:3,9,24 17:1 23:1,9 24:11 27:2 28:1
**we've** 11:8 29:25 30:19,25
**weeks** 19:13,14,16 23:10,11
**went** 11:10 23:6,10 25:8
**whatsoever** 12:21
**willing** 8:15,17 9:16 12:24 15:8 20:20,25
**win** 10:9
**wish** 18:20
**withdraw** 2:5,7,14 4:17 6:17 11:22,23 13:13,16 18:24 31:11 34:6
**withdrawal** 33:4,7
**withdrawing** 5:12
**withdrawn** 12:5 33:18 34:7
**wondering** 24:19
**word** 22:24
**words** 24:2
**work** 8:15,17 16:14 16:16,17 20:20,25 21:11
**worked** 7:21
**working** 13:25 25:6
**works** 15:2
**wrong** 10:10

**x**

**x** 1:4,9,15 34:2

**y**

**yeah** 7:1,5 11:12 20:7,10,13 22:6 25:16 31:18 32:24
**years** 7:23,23 9:12 12:16 13:1 25:10,11 27:3,11,12,14 28:13 28:15,18 31:15 32:2 32:11
**york** 1:2 3:6
**youngster** 9:1